Selden, J.
The statute under which the - conviction was had in this case, is as follows:
“ Every person who shall, without lawful authority, forcibly seize and confine any other, or shall inveigle or kidnap any other, with intent, either,
“ 1. • To cause such other person to be secretly confined or imprisoned in this State against his will; or,
“ 2. To cause such person to be sent out of this State against his will; or,
“ 3. To cause such person to be sold as a slave, or in any way held to service against' his will, shall, upon conviction, be punished by imprisonment in a state prison, not exceeding ten years.” (2 R. S., 664, § 28.)
The indictment charges the plaintiff in error with having kidnapped Wallace, with intent to cause him to be sent out of this State against his will; and (in the second count) with intent to cause him to be held to service against his will, as a seaman .on board the West Point. There is no charge of *378 “ inveigling,” but of kidnapping only, and the principal question in the case, arising out of the several requests of instructions- to the jury, is, whether there was such an entire want of evidence of the kidnapping of Wallace by Hadden, or by his procurement, or of the intent charged in either count of the indictment, as to require the court to give to the jury any of the specific instructions asked for by the defendant’s counsel.
The slightest examination of the case is sufficient to show that there was evidence bearing upon both these points, the sufficiency or insufficiency of which it was the province of the jury to decide, and that the instructions asked for were properly refused. Whether the promise of the prisoner to take Wallace to Brooklyn, not acted upon, was a promise i,n good faith, or intended merely' to bring him under his influence ; whether giving him drinks were friendly acts, or designed to produce stupefaction; whether there was a secret understanding or conspiracy between the prisoner and the person who guided Wallace to his house, and aided in producing his intoxication, and also between him and the “ runner,” to get Wallace on board -the vessel against his will, or whether the circumstances proved tending to such conclusions were merely accidental; and whether the inquiry addressed to the “runner,” as to putting the man on board the vessel referred to Wallace or to some other man, were all matters for the decision of the jury, and which the court could not properly withdraw from them. An inference against the prisoner on these points involved, as I think, his conviction of the offence. Procuring the intoxication of Wallace, with the design of getting him on board the ship in that condition, without his consent, and thus taking him on board, was a kidnapping within the meaning of the statute, as much so as if it -had been done by force, overcoming his resistance when in full strength; and it was immaterial whether the prisoner did the acts in person, or caused or advised their being done. All the acts which the evidence shows were done by the plaintiff in error might, no doubt, have been done without the criminal intent pointed out in the statute; but, in that case, some cir *379 cumstances would naturally have appeared, indicating the good faith of the acting party. Unfortunately for the plaintiff in error, all.the circumstances, so far as they are disclosed, lead directly to the conclusion that his intention was in conflict with the statute. No object for the deception and wrong which was practised upon Wallace can be discovered, except to have him. sent out of the State or held to service as a sailor, against his will, on board the West Point. The prisoner’s counsel, in asking the instruction, the correctness of which was admitted, “that the business of providing ships with sailors was a lawful business,-” in substance assumed that such was the intention. If he was sent there to become a sailor, he was to be made such against his will. I think there was not only some evidence to be submitted to the jury on all the points on which instructions were asked, but that the evidence was fully sufficient to justify their verdict.
It was discretionary with the court, before which the trial was had, to allow or refuse the introduction of further testimony, after the summing up had commenced, and the exercise of that discretion this court cannot review.
The exception to the decision that the acts of the boatman would be evidence, provided the jury believed there was a connection between him and the prisoner, is too clearly untenable to need comment. The decision was right in itself, and if wrong no evidence was given under it, which renders the exception unavailable, if otherwise well taken. (9 N. Y., 170.)
It was competent to prove the destination of the vessel, so far as that was material on this trial, by parol evidence, notwithstanding there was written evidence on the subject in the custom house. (Robertson v. French, 4 East., 130; Thomas v. Foyle, 5 Esp., 88.) I am inclined to the opinion that the testimony of the witness, that he had cleared the vessel at the custom house, for Liverpool for the owners, was competent, without producing the' documents from the office showing the clearance. It is only with reference to the intention of Had-den that this testimony is material. The actual destination of the ship was not the point in dispute, but only what Hadden *380 believed, or had reason to believe, on the subject. If he caused Wallace to be put on board of her with the intention that he should be compelled to serve as a sailor there, against his will, the offence charged in the second count of the indictment was made out, though it was not expected that the ship would ever leave New York harbor; and if his intent and expectation were, that Wallace would be carried in the ship against his will, to Liverpool, or elsewhere out of the State of Néw York, the offence was complete under the first count, although the ship was not in fact destined for Liverpool or elsewhere out of the State. But whether the parol testimony in regard to the clearance was admissible or not, the objection was properly overruled, as it embraced not only the clearance, but also the statement of the witness that the vessel was -a regular Liverpool packet, which the witness appears to have given of his own knowledge, and which was clearly admissible. As the objection could not wholly be sustained, it was proper to overrule it altogether.
The judgment of the Supreme Court should be affirmed.
DENIO, Ch. J., also delivered an opinion for affirmance.
All the judges concurring,
Judgment affirmed.