Dunn *v*. Durant.

It is said that when the plaintiff became aware that the search was incorrect, he was bound to communicate that fact to the defendant, that the latter might have bought up the Coffin mortgage before the costs of foreclosure had been added to it. It is undoubtedly true that the plaintiff was under obligation to make reasonable exertions to prevent the increase of the damages likely to fall upon himself, and thus incidentally to protect the defendant; but it was not his duty to go one step further. He was not bound to know that the defendant could or would buy or settle the Coffin mortgage, and he is not to suffer because he did not think of that plan. Where a plaintiff has been damnified by a wrongdoer, he must see to it that his loss is not swollen by any act of omission, or of commission, on his part, but he is not called upon to do an act which will not affect his own damages, though it would be of service to the wrongdoer.

The opinion of Judge LARREMORE states the facts and the law so clearly that I think it unnecessary to say more.

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed, with costs.

---

PATRICK DUNN, Appellant, *against* CHARLES W. DURANT *et al.*, Respondents.

(Decided December 6th, 1880.)

Where a complaint has been dismissed at the trial on the ground of a variance between the proof and a particular allegation of the complaint, if, upon an appeal from the judgment on such dismissal, it does not appear that there was any proof to show that the defendant had been misled by it, or wherein the facts proved differed from the facts as averred, the judgment must be reversed and a new trial granted; the judgment of dismissal should not be affirmed upon the ground that the evidence given did not establish a cause of action, where no motion was

Dunn *v.* Durant.

made at the trial to dismiss the action for failure of proof, since, upon such a motion, the proof might have been supplied.

In an action for damages for personal injuries received by the plaintiff from falling through an unguarded and unlighted opening in the floor into the cellar of the defendants' building, where the evidence shows the existence of the hole, which was only partially guarded by a rope, attached to posts, and also shows that the plaintiff was not an intruder or trespasser, but was there with the consent of the defendants, *it seems*, that it would be erroneous to dismiss the complaint for failure of proof, and that the question of negligence should be submitted to the jury, even though it was not proved that the defendants had actual notice that the hole was unguarded, it being their duty when they suffered persons to go over the building to securely and properly guard such a pitfall.

APPEAL from a judgment of this court entered upon a dismissal of the complaint at the trial.

The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff from the negligence of the defendants.. The facts are stated in the opinion. Upon the trial, at the close of the plaintiff's evidence, the defendants moved to dismiss the complaint on the ground that there was a variance in the proof from what was alleged in the third allegation in the complaint, and the court thereupon dismissed the complaint, and judgment for the defendants was entered on the dismissal. From the judgment the plaintiff appealed.

*John O. Mott*, for appellant.

*Carlisle Norwood, Jr.*, for respondents.

CHARLES P. DALY, Chief Justice.—It appears from the case, that the complaint was dismissed, for a variance between the proof and the third allegation of the complaint. What this alleged variance was, does not appear. It has not been pointed out in the respondents' points, farther than the general statement that the plaintiff failed to make out his case ; that he did not show, as alleged, that the building was negligently and carelessly built, inasmuch, that there was in the first story

of it, an unguarded, unprotected and unlighted hole through the floor opening to the cellar; but this refers to what was alleged in the *second*, and not in the *third* allegation of the complaint, and it was for a variance between the proof and the *third* allegation, that the dismissal of the complaint was asked for and granted. The whole of the respondents' argument in answer to the motion for a new trial is that there was a failure of proof; that there was no evidence to sustain the action. There is an obvious difference between a failure of proof and a variance. A failure of proof is where no cause of action whatever has been proved; and a variance, where either a cause of action is proved, but not the one averred in the complaint; or a variance between the facts as proved, and the facts which have been averred as constituting the cause of action, or some of the facts. But even the existence of a variance is not material, unless it has misled the adverse party to his prejudice; and where it is alleged that he has been so misled, that fact must be proved to the satisfaction of the court, and the proof must show in what respect he has been so misled (*Catlin* v. *Gunter*, 11 N. Y. 373, 374); in which case, it is said, in addition, that if an allegation is unproved, not in some particular or particulars only, *but in its entire scope and meaning*, it is not to be deemed a case of variance, but a failure of proof).

If there is a variance, and the defendant proves he is misled by it, it is not a matter which can be remedied or supplied, unless an amendment to the complaint is allowed; because the proof is in, and it shows a conflict or material difference between the facts as proved, and as they are averred. But it is otherwise when a motion is made to dismiss the complaint for a failure of proof; because it may be in the plaintiff's power, as it frequently is, to supply the proof, when he is advised by a motion, or by the views of the court, of what is wanting to make out his cause of action. We cannot affirm the judgment, upon the ground that the evidence given did not establish a cause of action; for no motion was made in the court below to dismiss the action for failure of proof; and we do not know, if such a motion had been made, but that the proof might have

been supplied. As the cause was dismissed on the ground of variance, and without any proof to show that the defendant had been misled by it, or wherein the facts proved differed from the facts as averred, there is no course to be pursued except to grant a new trial for dismissing the complaint under such circumstances.

In my opinion, however, there was enough in the evidence to entitle the case to go to the jury, the only question, in my opinion, being, whether there was a proper want of care and caution on the part of the plaintiff, in going over the floor, where the hole was, through which he fell; and which, as a question of co-operative negligence was, in my opinion, upon the facts disclosed, a question for the jury and not for the court. The existence of a hole in the floor, which was partially guarded by a rope, attached to posts, but a portion of which was left unguarded by a rope or otherwise, was shown. It was not necessary to prove that the owners of the refinery had actual notice that the hole was unguarded, it being their duty, when they suffered persons to go over the building, to see that a pitfall like this was securely and properly guarded (*Beck* v. *Carter*, 68 N. Y. 283; *Camp* v. *Wood*, 76 N. Y. 92; *Bassett* v. *Fish*, 75 N. Y. 303). It was also shown that the plaintiff was not an intruder or trespasser in the building, but that he was there with the defendants' consent, engaged in getting the tare of certain hogsheads of sugar for the person who had employed him. He was allowed, by one of the employes of the defendants, who had charge of the defendants' business, to send men who were acting under him, to clean the sugar out of some hogsheads which were near the place where he fell through the hole, and as they were waiting for boats to come up the river, he went to this place to see whether the men he had in charge would go down town or stay there, and it was whilst engaged in this act, whilst he was passing along the floor, behind the men, that he fell through the hole. Under those circumstances, the defendant owed a duty to him and to all others allowed to go over this part of the premises, to have this hole or pitfall properly protected or guarded; and for an injury arising from their neglect to do so, to a person

who had a lawful right, under the circumstances, to go over that part of the premises, and who was not an intruder or trespasser, they would be answerable. The case, in my judgment, was one where sufficient was shown to allow it to go to the jury, and as there was no variance, or, if any, a failure to prove that the defendants had been misled by it, a new trial should be granted.

J. F. DALY and VAN HOESEN, JJ., concurred:

Judgment reversed and new trial ordered.