### ROOSEVELT *et al. v.* NEW YORK EL. R. CO.

*(Superior Court of New York City, General Term.*  February 6, 1890.)

ELEVATED RAILROADS—DAMAGES—OPINION EVIDENCE.

In an action for damages to abutting property, caused by the operation of an elevated railroad, a witness who knows the property may testify as to what, in his opinion, would be the present value of the premises without the railroad.

Appeal from special term.

Action by Edith K. Roosevelt and another against the New York Elevated Railroad Company.  Judgment for plaintiffs.  Defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Davies & Rapallo*, for appellant.  *G. Willett Van Ness*, for respondents.

SEDGWICK, C. J.  This was an action to enjoin the defendants from maintaining and operating their railway in front of plaintiffs' premises and for damages.  The only exception to be considered are those taken to the admission of the following questions: "What, in your opinion, would be the rental value of those premises, No. 97 Pearl Street, to-day, if there were no elevated railroad in front of them?  And what, in your opinion, would be the value of those premises if there were no elevated railroad in front of them?  Before the decision of *McGean* v. *Railway Co.*, 22 N. E. Rep. 957, in the court of appeals, it was generally supposed that such questions were admissible under the general rule given by Greenleaf, (volume 1, § 440, note *a*,) "as to the marketable condition and value of property, * * * opinions are received."  Section 440 gives a pertinent case: "A secretary of a fire insurance company, accustomed to examine buildings with reference to the insurance of them, and who, as county commissioner, had frequently estimated damages occasioned by the laying out of railroads and highways, has been held competent to testify his opinion as to the effect of laying a railroad within a certain distance of a building, upon the value of the rent," etc.  In *Clark* v. *Baird*, 9 N. Y. 183, in an action for false representations, in defendant's saying that land bought of him by the plaintiff extended to a described distance, it was held that the testimony was valid of a witness who swore that the land was "worth $1,000 if it extended to the race and trees.  The strip taken off would reduce it one-fourth."  This testimony had been objected to on the ground that the amount of damage cannot be ascertained by the opinion of the witness.  Judge JOHNSON examined many cases, and among them cases that had maintained that it was a sufficient objection to such testimony that the thing testified to was a matter that should be determined by the jury or judge.  The rule was announced that the opinion of a witness who has seen the thing in question, and is acquainted with similar things, is not incompetent to be submitted to a jury.  Prof. Chase, in his edition of Stephen's Digest of the Law of Evidence, in note 2, p. 102, gives an important list of cases on this subject.  In the *Case of McGean, supra,* the court of appeals has held that specific objections, like those taken in this case to like questions, did not apprise the court that defendants meant to object on the ground that the question called for what the judge was to determine upon the other testimony in the case.  The objections taken were that the question called for immaterial and incompetent testimony; that the witness was not competent to give an opinion; and that the question was hypothetical.  The questions were not objectionable, therefore, on any ground taken at the trial.  The judgment should be affirmed, with costs.