### JAMES *v.* FORD.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. NEGLIGENCE—DANGEROUS PREMISES—EVIDENCE.

   In an action for personal injuries plaintiff testified that he entered defendant's saloon to make a purchase; that he attempted to depart by a side door, which was unlocked, and which he had frequently used as a means of exit; that, stepping outward towards the street, he fell into the cellar opening, and was injured; and that there was insufficient light to enable him to see the opening. Defendant's evidence tended to show that the side door was locked, and that plaintiff was warned against leaving by it, but that, heedless of the warning, he unbolted it. *Held,* that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury, and that their verdict for plaintiff would not be disturbed.

2. SAME—PLEADING—VARIANCE.

   The complaint alleged that the premises, when plaintiff was injured, were owned by defendant, and the answer admitted that he occupied the premises and carried on his business therein. *Held,* that failure to prove ownership of the premises by defendant was not such a variance as could have misled defendant.

3. SAME—EVIDENCE.

   In an action for personal injuries, it is competent for plaintiff's wife to state the visible indications of plaintiff's injuries immediately after the accident.

4. SAME.

   Plaintiff, having stated on cross-examination that he could not identify the person accompanying him after the accident, was properly allowed to testify concerning the reason why he was not positive.

Appeal from city court, general term.

Action for personal injuries by Thomas M. James against James Ford. There was a verdict for plaintiff for $500. The judgment entered thereon was affirmed by the general term of the city court, and defendant again appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*H. A. Brann,* for appellant. *Horwitz & Hershfield, (Otto Horwitz,* of counsel,) for respondent.

BISCHOFF, J. Defendant was the lessee and occupant of the store situated on the north-east corner of Eighth avenue and Fortieth street, in the city of New York, where he was engaged in the retail liquor business. The store was provided with two doors for the entrance and departure of customers, one at the corner, and the other on Fortieth street, some distance from the corner. Outside of the store, and directly in front of the side entrance, there was on opening leading from the street to the cellar under the store, which, when not in use, was kept covered. On the night of October 9, 1886, the plaintiff, having entered the store by means of the corner door to make a purchase, attempted to depart therefrom through the side door, and fell into the cellar opening, which was then being used and left uncovered, and sustained the injuries alleged. Plaintiff admitted that he was aware of the existence of the cellar opening; that he had frequently entered and departed from the store by means of the side door, walking over the opening, which on such occasions had been covered, but testified that he did not know at the time of the accident that the opening was in use or uncovered; that there was insuf-

ficient light to enable him to see the opening; and that he was not warned or cautioned against the use of the side door as an exit from the store. Defendant claimed, and on the trial supported his claim by the testimony of witnesses, that at the time of the accident the side door was locked or bolted, and departure from the store by means of that door thereby sought to be prevented; that plaintiff was warned against leaving by the side door, but that the warning was unheeded, and that to enable him to pass through the side entrance into the street the plaintiff was compelled to unlock or unbolt the door. On this evidence the court below submitted the questions of defendant's negligence and plaintiff's contributory negligence to the jury, who found a verdict for the plaintiff in the sum of $500. No tenable ground is urged by defendant for reversal of the judgment of the lower court. Defendant was engaged in business at the premises where the accident to the plaintiff occurred, exposing his goods for sale to persons wishing to buy, and there he extended a general invitation to all such persons to enter his store for that purpose. He thereby represented the premises, and the means of entrance and departure provided for the use of customers, to be safe and free from all risk of injury. It thus became defendant's duty to exercise reasonable care in maintaining the premises and the means of entrance and departure at all times in such condition that others visiting his store upon business might enter and depart with safety to themselves, and for an injury arising from a breach of that duty the defendant is answerable in damages. Customers entering the premises are therefore justified in assuming that the ostensible means of entrance and departure are reasonably safe, and are under no obligation, before entering or departing, first to ascertain by careful inspection whether or not it is safe for them to do so. *Dunn* v. *Durant*, 9 Daly, 389; *Ackert* v. *Lansing*, 59 N. Y. 646; *Swords* v. *Edgar*, Id. 28; *Leary* v. *Woodruff*, 4 Hun, 99, 76 N. Y. 617; *Coughtry* v. *Woolen Co.*, 56 N. Y. 124.

It is unquestionably true that before plaintiff can recover he must appear to be free from all negligence on his part which in any measure contributed towards the happening of the accident resulting in his injuries, and that there must be affirmative evidence of defendant's negligence which led to the accident. It is not necessary, however, that there should be direct evidence of the absence of contributory negligence on the plaintiff's part. The absence of such contributory negligence may be inferred from circumstances. *Warner* v. *Railroad Co.*, 44 N. Y. 465; *Wendell* v. *Railroad Co.*, 91 N. Y. 420; *Hackford* v. *Railroad Co.*, 53 N. Y. 654. When the plaintiff rested his case it fully appeared that defendant occupied the premises for the purposes of his business; that plaintiff entered the same intending to make a purchase; that he attempted to depart by means of the side door, which was unlocked at the time, and which he had frequently used as a means of exit, and, stepping outward towards the street, fell into the cellar opening, and sustained the injuries for which he asks to be indemnified. These facts, in conjunction with defendant's duty to maintain the premises, and the means of access thereto and departure therefrom, free from all risk of injury, together with plaintiff's right to assume that this duty had been complied with, established a *prima facie* case, and, in the absence of evidence tending to disprove plaintiff's allegations, he was entitled to recover. The motion to dismiss the complaint at this stage of the proceedings was therefore properly denied. Again, when the evidence for both sides was submitted, the foregoing facts still appeared, met, however, by testimony for the defense that the side door was locked or bolted, and departure by that means cut off, but that plaintiff, heedless of warnings against the use of the side door, unlocked or unbolted it, and, stepping outside, fell into the opening and was injured. These facts introduced for the defense were in turn met by the denials of the plaintiff, and there had then arisen such a conflict of evidence as to entitle the plaintiff to have the questions of defendant's negligence, and his own contributory negligence sub-

mitted to the jury. A refusal to submit those questions to the jury would therefore have been error, and, for the reasons above stated, the refusal of the court to set the verdict aside as against the evidence, or as unsupported by the evidence, must be sustained. The failure to prove the ownership of the premises by the defendant did not constitute such a variance of proof as could have misled the defendant. The complaint alleged that defendant was the owner, while the answer admitted that he occupied the premises, and carried on his business therein. These facts, supported by evidence of the circumstances attending the accident, substantially established the plaintiff's cause of action alleged in the complaint. *Dunn* v. *Durant*, 9 Daly, 389. The admission, against defendant's objection, of the testimony of plaintiff's wife concerning the extent of her husband's injuries, was not error. The witness was not called upon to testify as an expert, or concerning her belief or thoughts, or the operation of her mind, but to state the visible indications of plaintiff's injuries immediately after the accident, and her testimony did not go beyond this. There is no good reason for excluding evidence of the injured person's appearance immediately after the accident, and the testimony of any intelligent witness, having knowledge of such appearance, is competent for that purpose. Plaintiff was allowed to testify, under objection, concerning the reason why he was not positive who was with him on returning home after the accident. The objection was to the materiality of the evidence, but it appears that the testimony was elicited to explain plaintiff's statement on cross-examination that he could not identify the person accompanying him home, and in that connection it cannot be said to have been immaterial, and the objection to its materiality conceded the competency of the evidence. *Ward* v. *Kilpatrick*, 85 N. Y. 413. The other exceptions on defendant's behalf to the admission and exclusion of evidence are equally without sufficient merit to warrant a reversal. The order of the general term of the city court, affirming the judgment of the court below, should be affirmed, with costs.

All concur.