## HUNTER *v.* WALTER *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

1. MECHANICS' LIENS—ENFORCEMENT—EVIDENCE.
     At the trial of an action to foreclose a mechanic's lien, plaintiff's counsel, in offering proof of the notice of lien, stated that it was filed on a certain day. No proof of said date of filing was given, but the notice claimed interest from a previous date, and was itself dated the day before the date of filing stated, and a copy was served on the owner the next day thereafter. *Held* that, in the absence of any specific objection for want of proof of the date, the referee was justified in finding the notice to have been filed on the day stated by counsel.

2. SAME—OBJECTION TO EVIDENCE.
     A certified copy of a notice of mechanic's lien offered in evidence was objected to as "not properly certified." *Held*, that such general objection did not reach a mere informality in certification, where proper proof might have been furnished had the defect been specified.

3. MECHANIC'S LIEN—NOTICE OF LIEN.
     In a notice claiming a mechanic's lien for work under a contract, and for extra work, the lienor, after particularly describing the work under the contract, stated that he "performed certain extra work in and about the building and premises aforesaid, and furnished certain materials therefor, of the reasonable value," etc. *Held*, that this sufficiently specified the nature of the extra work, as required by the lien law. Laws N. Y. 1885, c. 342, § 4.

4. SAME—ABANDONMENT OF CONTRACT.
     Where the owner of premises, who has contracted for work thereon, fails to pay for the work as agreed, the contractor may abandon the work, and may enforce a mechanic's lien for a *quantum meruit* for the work done.

Appeal from judgment on report of referee.

Action by Alexander M. Hunter against Clara L. Walter and another to foreclose a mechanic's lien. In the notice of such lien filed by plaintiff, he stated that "the nature and amount of the labor and service performed, and the materials furnished, is as follows: "I, the said Alexander M. Hunter, entered into a contract with the owner, hereinafter named, by the terms of which I agreed to perform certain labor, and furnish certain materials, in and about the alterations and repair of the dwelling-house on the premises, hereinafter described, and to build a chicken-house thereon, and to build a servants' dining-room thereon, and to alter and repair the carriage-house and stable thereon, for which she agreed to pay the sum of twenty-eight hundred dollars; that all of said work was duly performed by me and she has paid on account thereof twenty-six hundred and fifty dollars, and no more; that at her request I also done and performed certain extra work in and about the building and premises aforesaid, and furnished certain materials therefor, of the reasonable value and amount of six hundred and seventy-five 51-100 dollars, no part of which has been paid." Laws N. Y. 1885, c. 342, § 4, authorizing the filing of notice of a mechanic's lien, provides that such notice shall contain "the nature and amount of the labor and service performed, or the materials furnished, or to be furnished," etc. From a judgment for plaintiff, defendant Clara L. Walter appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Fromme Brothers*, for appellant. *J. F. Harrison*, for respondent.

BARNARD, P. J. The defendant is the owner of a house upon which the plaintiff agreed to do certain work for the sum of $2,800. The work has been done, with a trifling exception, and there is due the plaintiff upon the contract $149.50. The plaintiff did extra work upon the building, and the referee has found that there is due to the plaintiff for that the sum of $672.01,

besides interest.    There is no proof of the precise day upon which the lien notice was filed in the Westchester county clerk's office.   It seems to have been assumed that the day of filing was 29th of August, 1888.   The counsel for the plaintiff state that as the day of filing, accompanied by a certified copy of the notice filed.   Objection was only taken to the form of the certification, and that only by a general objection that it was "not properly certified."    The notice states the work to have been completed within 90 days immediately preceding the date of the notice, and that the interest will be demanded from the 22d of August, 1888, and the notice is dated August 28th, and a copy was served on the owner August 30, 1888, and no notice for a dismissal of the complaint for lack of proof was made.   Under this proof, without a specific objection, or in some way calling for proof of the filing of the notice, the referee was justified in finding the lien to have been filed the day stated by the counsel as the day of filing, and that the work was done within 90 days preceding the filing.   Nor can objection be made that the certificate was not more formal.    Whenever the objection would permit the party to furnish the proper proof, a formal general objection will not suffice to put the party on his guard.   A certified copy is made evidence by section 8, c, 342, Laws 1885. The lien notice was sufficient under the lien law.   The whole notice must be read together.   The notice is very particular as to that part of the claim which is included in the regular contract.   The claim for the extra work is stated to have been furnished, therefore.   The claimant states that he performed service and furnished materials which have been used in the owner's house. The notice and amount of the labor and service and the materials furnished are sufficiently stated.   The owner claimed that there was a contract for the construction of certain fences, at an agreed price, outside of the $2,800 contract, which the lienor failed to do.   The plaintiff denies this allegation.   He testifies "there was no contract made with regard to the fence."   The referee found that the plaintiff did not fail to complete the fence contract, but the plaintiff admits that the fencing never was completely done.    Assuming, therefore, a contract to do a piece of fencing for $140, and a failure to complete it, no ground is established for denying a lien for one contract and extra work upon another.   No counter-claim was set up for the failure to perform the contract for fences; and the referee has allowed nothing for fencing beyond what was done,—being some 40 feet of temporary fence.

The owner failed to pay as agreed, and the contractor could abandon the work, and charge a *quantum meruit* price for the work done.   None of the exceptions noticed upon the appellant's points seem to have any injurious effect upon the issues tried between the parties.   The judgment should therefore be affirmed, with costs.