HAVILAND v. MANHATTAN RY. CO.

(Supreme Court, General Term, First Department. October 16, 1891.)

1. OPINION EVIDENCE—TESTIMONY OF PHYSICIAN.
    In an action against an elevated railway company to recover damages for personal injuries sustained in a collision on defendant's road, a medical witness was asked, assuming that plaintiff was in good health the day before the accident, and that she was thrown from her seat in defendant's car, carried in an ambulance to a house near by, and afterwards removed to Brooklyn, and was then examined by witness, and found to be suffering from rapid pulse, bruises, and ruptured veins, what would witness say was the cause of her injuries. The question was objected to on the ground that it called for a conclusion of the witness. Held, that the objection was properly overruled.

2. SAME—SCOPE OF OBJECTION.
    In such case the objection having been specifically directed to the admission of opinion evidence, and none having been made to the question as ill-framed, and improperly asking for the cause of the injuries, defendant cannot, on appeal, avail tself of an objection on those grounds.

3. DAMAGES—EVIDENCE—QUESTION FOR JURY.
    Defendant objected to a verdict for $4,750 recovered by plaintiff in an action for personal injuries as excessive, on the ground that the evidence showed that plaintiff, when she received the injuries complained of, was addicted to the daily use of morphine and quinine, and was also suffering from a wound received in childhood, all of which matters were denied by plaintiff, in her testimony, as was the existence of the wound, by a medical witness. Held, that it was for the jury to decide whether plaintiff's condition resulted from the accident, and that the court would not disturb their verdict.

Appeal from circuit court, New York county.

Action by Merritt E. Haviland, executor of Mima Atkins, deceased, against the Manhattan Elevated Railway Company, to recover damages for personal injuries to plaintiff's testatrix. From a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

Davies & Rapallo, (Edward B. Thomas, of counsel,) for appellant. Sullivan & Cromwell, (W. J. Curtis and Alfred Jaretzki, of counsel,) for respondent.

DANIELS, J. The testatrix was a passenger on an elevated railway train proceeding up Third avenue, on the 31st day of December, 1887. When it reached Thirty-Fourth street a shuttle train from the ferry reached the main track, and its engine struck the car in which she was seated, and raised it about 15 inches on the side occupied by her, and threw her from her seat on the floor of the car. By her fall, it was claimed, she was severely injured, and this action was brought to recover compensation for her injuries. Her own evidence as a witness upon the trial tended to prove that she had previously been in reasonably good health; that she was bruised by her fall in different parts of her body. She testified, further, that she suffered pain in her hand, arms, legs, and back, and continued to do so to the day of the trial, and was unable to do anything, or follow her occupation, which was that of a nurse. A physician visited her about the 3d of January, 1888, and this is his description of her condition: "I found Mrs. Atkins suffering from a

rapid pulse and heart action; from bruises on her head and on the side, principally her left side; and she had some black and blue spots on the left side, extending down to the groin; and some injured or ruptured veins in the back of her leg; pain and tenderness on the left side, and along her spine, from her neck down pretty near to the lower part. That is what I saw. I treated her for what I observed at the time. She was in bed, I think, about four months, —three and a half or four months. I treated her again after that for those injuries, the direct result of the injuries, for perhaps a year afterwards. I must have visited her altogether, I should think, up to this time, about sixty or sixty-five times,—sixty at any rate. I last saw her about eight or ten days ago. She had not entirely recovered from the symptoms I observed at my first call." He was then asked to assume that the plaintiff's intestate in this case, Mrs. Atkins, was in good health on the 31st day of December, 1887, and uninjured; that on that day she was riding in a car of the elevated road; that a collision occurred between two trains, of which the car in which the plaintiff was riding was one, and the plaintiff was thrown from her seat, and remembered nothing further until she was picked up in the middle track, and carried by two policemen to the station-house, and then carried by ambulance to a place in Harlem, where she remained in bed until Monday, and was then removed to Brooklyn; "that then you examined her, and found that she was suffering from rapid pulse, bruises on her head and left side, black and blue spots on her left side, with large ruptured veins on the back of her left leg, and pain and tenderness of her spine,—what would you say was the cause of these injuries?" The counsel for the defendant objected to the question, as calling for a conclusion of the witness,—a matter on which expert testimony was not admissible. The court overruled the objection, and counsel for the defendant duly excepted. And the witness answered, "I should say it was the result of that accident." The question was not well framed, and it involved much more than was requisite to obtain an intelligent expression of opinion from the witness. But it was not objected to for either of these reasons. If it had been, the court would probably have directed it to be both simplified and abridged. But the objection was explicit that it called for a conclusion of the witness,—a matter on which expert testimony was not admissible. This objection was without foundation, for it is the object of a hypothetical question in these cases to obtain the opinion of the witness who is expected to answer it, and that opinion, in all cases, is no more nor less than his conclusion; and that is a matter on which expert testimony may be given, when the facts are of a nature to justify an opinion upon them. The facts grouped together in the question were within the range of the evidence, and largely had been under the observation and treatment of the witness. What he had no knowledge of was the accident itself, and the previous health of the plaintiff, who died since the trial. And he could be very well allowed to answer what, in his opinion, was the cause of her condition, as he observed it, if she had been in good health, and in that condition had encountered this accident, three days before he professionally visited her; and that, bereaved of its unnecessary verbiage, was what he, from his answer, understood to be asked him. The answer was appropriate, and within the rule regulating this practice, and the defendant was in no way injured by the improper conclusion of the question in asking for the cause of the injuries, instead of the probable cause of the plaintiff's condition; and for this reason, as well as the restricted nature of the objections, the court did not improperly allow the answer to be taken. *Turner* v. *City of Newburgh*, 109 N. Y. 301, 16 N. E. Rep. 344; *McClain* v. *Railroad Co.*, 116 N. Y. 460, 22 N. E. Rep. 1062.

A similar question was asked of another medical witness, who had also made an examination of the plaintiff about the 10th of January, 1888. The same objections were repeated to this question, and it was also added that

was indefinite and uncertain, and the witness had no personal knowledge to enable him to answer. But there was nothing either indefinite or uncertain in the question, and the witness did have personal knowledge, qualifying him to answer so far as that knowledge extended. The objection, like the other, did not reach any defect of the question, and the court was not in error in taking the answer, which was that the injuries mentioned would naturally be the result of the accident that had been described. The inquiries were for the medical opinions of the witnesses upon matters not within the knowledge or experience of jurors, and they were allowed to be answered as affording some assistance to a just understanding and decision of the case. Other hypothetical questions were propounded to the medical witnesses, which were not objected to, and demand no attention in the decision of the case. Other questions were also allowed to be answered over the objections and exceptions of the defendant; but neither of them has been relied upon as affording any support to the appeal, and for that reason no attention will be given to them, further than to add that they seem to be without merit.

The verdict was for the sum of $4,750, and that amount has been objected to as excessive; and, to sustain this objection, reference has been made to the evidence of the plaintiff's reported statements that, in her young days, she fell from an apple tree, and received an injury resulting in a running wound, and that she had been addicted to the daily use of quinine and morphine pills. But that she had this wound upon her person was denied by herself and the medical witnesses who first examined her; and she denied that she had used morphine, and added that the pills obtained were for her husband, who had died before this accident to herself on the railway. It was for the jury, in this state of the proof, to decide whether the condition of the plaintiff resulted from the accident. And it is probable that they adopted that view of the evidence; and, in that view, it cannot be said, consistently with the case, that the verdict was excessive. The judgment and order should therefore be affirmed, with costs.