GILDERSLEEVE, J.
This is an appeal from a judgment entered on the verdict of a jury in favor of plaintiff for the *437 sum of $5,722.87 damage's and costs. The action was brought to recover damages for injury done to premises No. 36 Murray street by the maintenance and operation of defendants’ elevated railroad.
The only exception taken by the. appellants’ counsel to the admission or exclusion of evidence that calls for any discussion was to the ruling of the learned trial judge in allowing the former tenant to testify as to the motives which influenced him in moving away from the premises. The question objected to by appellants’ counsel is as follows : “ Q.' Now, please state to the jury what your reason was for removing from 36 Murray street to your present store in Park place?” To which answer is made as follows: “ A. The reason was it was dark and smoky; and that was my reason.”
The learned counsel for the appellants claimed that the • question was incompetent and argumentative, as the grounds for his objection. No other grounds of objection than those above stated were raised, and no motion was made to strike out the answer. The objection as to materiality, therefore, cannot now be raised (Sweet v. Tuttle, 14 N. Y. 465 ; Richmondville Union Seminary v. McDonald, 34 Id. 379). It is too late to raise the question of materiality for the first time on "appeal, when, if the objec- , tion had been interposed on the trial, the plaintiff might, if- necessary, have withdrawn the question, and consented that the answer be stricken out.
The witness had given similar testimony before without objection. He had testified as follows : “ Q. After they commenced to build the elevated railroad, what effect did it have on your business there ? A. The effect was to make it dark, and the smoke and steam had an effect. We could not stay in there.” It cannot, therefore, be said that the appellants were prejudiced by the question and answer under consideration.
We are of opinion that the grounds of objection to the question urged by appellants’ counsel cannot be sustained. *438 The question, moreover, was a proper one, since the act of moving and the reasons therefor of the character given were material to the issues. Unless it was error for the tenant to state that the impairment of light and presence of smolte, dué to the maintenance and operation of defendants’ elevated railroad, was. the cause of his moving away, the objection was properly overruled. It is difficult to see what more material evidence could be produced, in support of plaintiff’s claim for damages to rental value, than the "fact that a tenant moved away from the premises, and the foregoing reasons, from his own lips, why he could not st^y. Had the removal been due to some other reason than the presence of the defendants’ railroad, the fact of removal would have been immatérial. Where the motive of a witness, in performing a particular act, or making a particular declaration, becomes a material issue in a case, or reflects important light upon such issue, .he may himself be sworn in regard to it (McKown v. Hunter, 30 N. Y. 625). It is a general rule in criminal cases that where the intent is an essential element to constitute a crime for which a prisoner is on trial, he has the right to testify as to his intent in doing any act which is claimed to prove criminal intent (Kerrains v. People, 60 N. Y. 220). And the same rule applies to civil actions where the motive or intent becomes material.
The questions of fact arising in the case were properly submitted to the jury, who found in favor of the plaintiff a fair preponderance of evidence sustains the verdict, and the amount awarded is not excessive.
It follows, therefore, that the judgment and order appealed from must be affirmed, with costs.
McAdam, P. J,, concurred.
*439 Note on the form of objecting to evidence and the EFFECT OF INDEFINITENESS OR GENERALITY IN THE FRAME OF AN OBJECTION.
There was a time within the memory of many now at tlie bar, when the interposing of an objection was held sufficient to make it error to receive illegal evidence ; and the real ground of the objection could practically be reserved by the objector, and first disclosed on error. It was then thought part of the shrewdness of counsel to make masked objections, without pressing them distinctly at the trial, so as to get an adverse ruling and an exception, which might serve as a safeguard to secure a new trial in case of need. The practice which permitted this, assumed that judges and counsel alike understood and remembered the rules of evidence with all their distinctions, and held them to conform each for himself without much warning or help from the other.
For some years, however, the appellate courts have been steadily establishing a different principle, and already the recent course of decision abounds in admonitions that to give' counsel any right to claim on appeal that there was error he must on the trial point specifically to the error, in terms sufficient not only to advise the judge of the precise ground of his contention (case 8), but also to give his adversary such information as to his position, as may enable the adversary to adapt himself to it bv changing the course which provoked the objection (case 20). It is frequently and truly said that a general objection may be sustained as a ground for reversal on appeal, if the ground be such that the objection could not have been obviated, but even this is to be taken with qualification ; for the requirement by the appellate courts of a frank disclosure of the grounds has been carried so far that the' language of the judges in several cases, if not perhaps the actual decision, says that a general objection may be disregarded, because if it had been specific the adverse counsel might have modified or withdrawn his question (case 1).
This points to the fact already well understood by many, • that there is no longer any certain advantage in obscure or masked objections, and that the superior ability of counsel is now shown in complete and ready discernment of all tenable grounds of objection, their frank disclosure, and the clear cut form in which they are specified and put upon the record.
Of course this new method naturally involves the principle that if an objection is specified so as to put it on too *440 narrow ground, or only one of several possible grounds, that which is not specified is waived. Some have thought ever since the general principle of disclosure has been established, that to specify that the evidence objected to is incompetent, irrelevant and immaterial “ covers everything.” But a little examination of recent cases will dispel this illusion.
Two qualifications or corollaries of this principle should be noticed before proceeding to some illustrations of its application.
1. A general objection, without more, practically leaves to the discretion of the judge to sustain or overrule the objection.
It is not error to overrule it if he does not see the point ; nor will it be error to overrule it if he thinks the adverse counsel does not see the point. And there is no means of showing an abuse of discretion if he should overrule it merely to favor one party at the expense of .another.
Of course, if he overrules it, he ought to allow a specific objection to be taken immediately following his ruling, and before his ruling has been acted on, unless indeed he should find counsel practicing on his discretion and intentionally trying on a general objection first with a specific one ready to follow if the first were unsuccessful.
2. The adverse party may make it error to sustain a general objection by immediately interposing before the court has ruled upon it with a request that the ground be specifically stated. The court have a right to require such a specification as a condition of sustaining the objection ; and, as already observed, counsel specifying his grounds thereby limits his objections by those grounds.
3. The object of the rule being to secure actual consideration in the trial court of every objection capable-of being met or removed there, the appellate, court will not treat the words in which the objector states his grounds, in a technical manner as the exclusive test, but if it appears from the record that the ground relied on upon appeal was actually understood, and the court and counsel met it face to face, generality in which the naked words of objection appear in the record will not necessarily be fatal (case 12).
In the application of these principles, the following general rules, I think, may be deemed safe guides.
Evidence for which there is no foundation laid in the pleadings, and which should be excluded because not within the issues, must be objected to in language pointing to the pleadings. It is not enough merely to say that it is incompetent and improper (cases 17, 2, 5).
*441 If the fact is competent, an objection to testimony as immaterial is not enough (cases 14, 15, 15 a).
Hearsay evidence may of may not be excluded under a mere general objection to it or an objection that it is immaterial (case 14).
To exclude evidence adduced without laying a necessary foundation therefor, the objection should point to the 'lack of the foundation ; as for instance that it is secondary (cases 11, 22) ; or that no evidence has been given of another fact necessary to make the fact now offered competent (case 24) ; or that foundation for discrediting a witness has not been laid (case 21).
If the witness has not been shown to have personal knowledge, an objection to his testifying to his conclusion is -not necessarily enough (case 29).
To exclude testimony of a party or interested witness to a personal transaction with deceased, etc., the nature of that objection better be made to be understood, saying that it is hearsay and incompetent is not enough (case 13 ; compare case 12).
So the rule against contradicting one’s own witness is not efficiently involved by a general objection (case 4).
So objections to .opinion evidence should disclose whether they are grounded on the rule that the testimony of a wit-, ness cannot be taken on the very point the jury have to decide, as for instance, the amount of damages (case 23); or that the question is not of a nature to admit of expert testimony (cases 18, 19, 25) ; -or tiiat the witness was not qualified to express an opinion (cases 20, 28); or that the hypothetical question is not properly framed (case 26, and see 27)- '
If docume?itary evidence is offered, an efficient objection to authentication will indicate the defect (case 30). An objection that it is secondary should disclose that specifically, or in some form that the original should be produced or accounted for (cases 11, 22).
Offers.] The same principle applies to offers.
If matter admissible is coupled in one offer with matter inadmissible, or both are called for by one question, an objection to the whole may ordinarily be ruled on either way, without error, for both parties are at fault, one in offering too much, the other in objecting to too much (see cases 6, 7, 8, 9).
So, if foundation has been laid for proving a fact otherwise irrelevant, it may not be error to exclude the fact on a general objection, if it is not offered for the purpose which ought to be indicated (case 10).

*442
Notes of Cases.

1. Counsel putting question entitled to sufficient objection to enable him to modify it. Wallace v. Vacuum Oil Co., 128 N. Y. 579. Action for personal injuries. A physician, called as expert, was asked by plaintiff for an opinion as to the nature of the injury, judging from the whole history of the case, and what the physician had learned in all ways. Defendant’s objection to the question as “ immaterial and incompetent,” was overruled, and defendant excepted.—Held, that notwithstanding the question was objectionable, as calling for an opinion not predicated solely upon facts in evidence, and as allowing the witness to state merely speculative consequences, the objection at the trial having failed to specifically point out the objectionable features, so as to give the opposing counsel an opportunity to change the form of the questions, they could not be considered on appeal.
2. General objections. Griffith v. Utica & Mohawk R.R. Co., 43 State Rep. 835 ; s. c., 17 N. Y. Supp. 692. In an action for personal injuries, plaintiff, as a witness in her own behalf, was asked : " Prior to the time of this accident describe what was your income from your business ?” Defendant interposed a general objection to’ the question.-— Held, that the court’s attention not having been called to the pleadings, nor any other ground upon which the evidence was claimed to be inadmissible, the objection was properly overruled.
3. — hearsay. People v. Beach, 87 N. Y. 508. Prosecution for larceny. Against a general objection by defendant, a witness gave testimony which was merely hearsay.—Held, that the general objection was sufficient and that the admission of the testimony was error.
4. General objection not available as objection to contradicting one's own "witness. Williams v. Sargeant, 46 N. Y. 481. Action for conversion. Against a general objection, a witness for plaintiff was allowed to testify as to declarations of defendant, which contradicted the testimony of defendant’s wife, who had been called as a witness by plaintiff.—Held, upon appeal, that the general objection was insufficient; the testimony was competent in itself, and if there was any reason for its exclusion, growing out of the proceedings upon the trial—in this case plaintiff’s attempt to contradict his own witness—they should have been stated.
5. —not enough as objection that complaint is not specific enough to let in the evidence. Bergmann v. Jones, 94 N. Y. 51. Action for libel. Against merely general objections, plaintiff was allowed to *443 testify as to the injury to his business occasioned by the libel.— Held, that under such objections, defendant could not urge upon appeal that the complaint was not specific enough to authorize proof of special damage.
6. Not error to sustain general objections to matter admissible and matter inadmissible. Day v. Roth, 18 N. Y. 448. Action to charge land with a lien for trust money, which had been misapplied for its purchase, and the title taken in the name of a third person, the defendant. A number of letters between the plaintiff and the alleged trustee were offered in evidence ; and an objection taken to all the letters without distinction, and without asking the judge to limit the purposes for Which any one of them might be received.—Held, on appeal, that one of the letters being admissible to show that the money was held in trust, the overruling of the general objection to all the letters and the receiving of all of them in evidence, without any particular specification as to their effect, was not error.
S. P., Requa v. Holmes, 16 N. Y. 193.
7. If an offer of evidence contains any matter not admissible as evidence the whole may be rejected. See Hosley v. Black, 28 N. Y. 438.
S. P., First National Bank v. Wood, 71 N. Y. 405.
8. Not error to overrule objection including matter admissible and' matter inadmissible. Brennan v. Hall, 39 State Rep. 130; s. c., 14 N. Y. Supp. 864; 20 Civ. Pro. R. 434. An,objection to testimony as to a conversation between the witness and two other persons, concerning a transaction in which the witness acted as counsel for one of the parties to the transaction, on the ground that such testimony included a communication from a client to his attorney, is too broad, since the objection includes also what was said by the other party, between whom and the witness the relation of attorney and client did not exist; and it is not error, therefore, in such a case, for the trial court to overrule such objection.
9. — so of motion to strike out. Benjamin v. N. Y. Elevated R. R. Co., 44 State Rep. 538; s. c., 17 N. Y. Supp. 908. Where a part of an answer was responsive and a part not so.—Held, that the court did not err in refusing a motion to strike out the whole answer.
10. General objection may be sustained if relevancy is not suggested. Akersloot v. Second Ave. R. R. Co., 30 State Rep. 146; s. c., 8 N. Y. Supp. 926. In a fathers action for loss of his child's services from injuries inflicted by defendant, some questions as to *444 plaintiff’s household, asked by defendant, apparently irrelevant, —e.g., “How many rooms were there?”—were objected to as “ irrelevant ” and excluded. The defendant gave no explanation as to the relevancy of the questions, namely, that their purpose was tó contradict and discredit previous testimony of plaintiff’s principal witness.—Held, that the exclusion of the evidence was not error in absence of any explanation by defendant at the trial as to the object of the testimony.
11. General objection not enough to sustain subseqiient specific motion to strike out. Levin v. Russell, 42 N. Y. 251. Action upon a note. A motion to strike out improper testimony—e.g., evidence given by plaintiff as to a transaction between himself anda deceased party, of whom the defendant is the representative,—though such motion specifies the true ground of incompetency of the evidence, is properly denied, when none but a- general objection to such testimony, assigning no ground therefor, was made, when the testimony was given.
12. General objection may be sustained if ground is tmderstood. Tooley v. Bacon, 70 N. Y. 34. Action for money had and received. Plaintiff, as a witness in his own behalt in rebuttal, was asked whether he had put any property in the hands of defendant’s intestate with the intent to delay or defraud his creditors. The referee excluded the evidence upon a general objection.-—Held, on appeal, that-the exclusion of-the evidence upon such objection was not error; since it must have been understood from the course of the examination that the evidence was objected to as relating to a transaction with a deceased person,
13. Objectioti as “ hearsay and incompetent ” not available as objection to testimony to transaction with deceased, under § 829. Bell v. Bumstead, 38 State Rep. 393; s. c., 14 N. Y. Supp. 697. An objection to the testimony of-a witness as hearsay and incompetent, is insufficient to raise the objection upon appeal that the testimony related to a transaction or communication with a deceased person and was inadmissible under Code Civ. Pro. § 829. The court say: “ The evidence itself would be competent, but a witness under the disability specified in that section might not be competent to give the evidence; and the objections were not put upon the grounds of any disability of the witness to testify upon the subject, but of the incompetency of the evidence offered.”
S. P., Somerville v. Crook, 9 Hun, 664, holding that a general objection, stating no grounds, was insufficient to raise such objection.
S. P., Ham v. Van Ordan, 84 N. Y. 257, 271.
*445 14. Objection as “ immaterial” does not exchide hearsay evidence of material fact. Brown v. Wakeman, 18 N. Y. Supp. 363; s. c., 45 State Rep. 671. Action for eviction. On appeal,—Held, that the question whether the trial judge erred in allowing hearsay testimony as to the ownership of the premises, could not be considered (1) because the ground of the objection taken at the trial was that the testimony was immaterial, whereas it was material, though perhaps incompetent; (2) because the question called for declarations of a party to the action as well as of a stranger, while the objection was general and without discrimination between the admissible and inadmissible.
15. Objection as immaterial tacitly concedes competency of fact. James v. Ford, 30 State Rep. 667 ; s. c., 9 N. Y. Supp. 504. An objection to the materiality of the evidence concedes its competency. Thus, if the reason, why the witness was not positive as to a fact, is material as explaining his previous testimony about the fact, the objection that the evidence is not material does not enable the objector to prevail in appeal on the ground that his testimony as to" his reason was not competent,
15a. Ward v. Kilpatrick, 85 N. Y. 413. Foreclosure of a mechanic’s lien. A cabinet-maker, who was a witness for plaintiff, was asked if the mirror frames as set in the house made a part of the house, and if the house would be complete without the frames. Defendant objected that the evidence was immaterial.—Held, that such objection conceded the competency of opinion evidence to the point, and furnished no reason for rejecting it.
16. Objection as incompetent and immaterial not available as objection to secondary instead of best. Atkins v. Elwell, 45 N. Y. 753. Action for damages for fraud in the sale of a ship. An objection was made to the reading in evidence a protest of the master of the ship made in a port of distress used by plaintiff in securing insurance, on the ground that it was incompetent and immaterial.—Held, that such objection did not raise the question-upon appeal that the paper read in evidence was a copy and not the original.
17. — “ incompetent and improper, npt available as objection to inadmissibility under the pleadings. Gibson v. Stetzer, 3 Hun, 539. Ejectment. Evidence as to the value of the use and occupation was received against the general objection that it was incompetent and improper.—Held, that such objection was not sufficient to raise the objection on appeal that the evidence was not admissible under the allegations of the complaint.
*446 .18. Objection as to competency of witness tacitly concedes competency of evidence in other respects. McGean v. Manhattan R. R. Co., 117 N. Y. 219. Action against an elevated railway for injuries to abutting property upon the street in which the railway was located. Plaintiff questioned a witness as to'the rental value of the premises; defendant objected upon the ground that the questions were incompetent, irrelevant, hypothetical, and the witness was not competent to give an opinion.—Held, that such objection was not sufficiently specific to raise the objection on appeal, that the opinions of witnesses were inadmissible upon the subject.
The court say: “ The objection seems to imply that opinions were competent on the subject. The trial seems to have been conducted on both sides, and more particularly on that of the defendant, upon the theory that all opinions were admissible as to rental value of the premises and the causes which affected it.”
19. Objection as “ incompetent ” not etiough as an objection that the question was not one for opinion-evidence. Kernochan v. N. Y. Elevated R. R. Co., 128 N. Y. 559. Where upon the trial of an action by an abutting owner to recover damages caused by the maintenance of an elevated railway in a street, to a question calling for the opinion of plaintiff’s expert, as to what would be the rental value of the premises if the road had not been constructed, a general objection of incompetency was interposed, which was overruled.—Held, that such ruling was not error, as the objection did not raise the j Dint that the question involved a fact not provable by opinion.
The court say: “ We are inclined to hold, in view of the course of trials in these cases against the elevated .railway, that although the general objection of incompetency made to a question put to an expert asking his opinion, might be deemed in ordinary cases sufficiently specific, nevertheless to apply the rule in these cases would be unjust, because the objection, considered in the course taken on these trials, would not fairly lead the court or counsel to suppose that the objection was not aimed at the mpde of proof, but rather to the incompetency of the fact sought to be proved.” .
S. P., see Roosevelt v. N. Y. Elevated R. Co., 8 N. Y. Supp. 547 ; s. c., 29 State Rep. 266.
— compare Jefferson v. N. Y. Elevated R. R. Co., 132 N. Y. 483. In an action by an abutting owner against an elevated railroad company to restrain the operation of its road in a street, questions were asked witnesses for plaintiff, calling for the opinions of the witnesses, as to what plaintiff’s premises would have been worth if they were unaffected by the railway and its operation. Defendant *447 objected to the questions “ as incompetent, irrelevant, immaterial, and conjectural ; as not within the competency of this witness, and not within the competency of any witness ; and as including all the damages due to the railroad, and not all the damages due to the taking of the plaintiff’s easement.”—Held, on appeal, that the evidence was incompetent, and that the objection taken thereto was sufficient.
20. —incompetent and not anexpert. Crawford v. Metropolitan Elevated Ry. Co., 120 N. Y. 624. Action to recover damages for the maintenance of an elevated railway in a street in front of plaintiff’s premises. An occupant of a room in plaintiff’s house, as a witness in behalf of plaintiff, was asked the question : “ What would the room which you occupied, and for which you said you paid five dollars, have been worth, if the elevated railroad had not been opposite the house ?” This question was objected to on the ground that it was incompetent and that the witness was not an expert. The objection was overruled and defendant excepted. An objection to a similar question to another occupant of the house, also called as a witness for plaintiff, on the ground that it was incompetent, irrelevant' and immaterial, was also overruled, and exception taken.—Held, that the objections were too general to raise the question on appeal as to the competency of the witnesses to give opinions as to the rental value.
The court say: “We are aware of the general rule, to the effect that a general objection is good, provided the evidence is incompetent and the objections could not have been obviated, and it is claimed that no evidence that could have been introduced would have made competent the opinions of these witnesses ; but had the objection been placed upon the specific ground that the opinions of these witnesses were not competent upon the question of rental value, the form of question might have been so changed as to obviate the "objection.”
21.. Objection as “immaterial and incompetent” not enough as objection that foundationfor discrediting had not been laid. Mead v. Shea, 92 N. Y. 122. Action on a note. At the trial, plaintiff’s witness was allowed to testify as to acts and declarations of a witness of defendant which tended to contradict the latter witness’ testimony, against defendant’s objection that such evidence was immaterial and incompetent.—Held, on appeal, that the evidence being competent for the purpose of discrediting defendant’s witness, defendant’s objection thereto was not available, and that if defendant had wished to object that no foundation had been laid for the evidence by first *448 questioning defendant’s witness in reference thereto, he should have specifically objected on that ground.
22. — irrelevant incompetent and hearsay. Wingate v. Haskins, 20 Weekly Dig. 438. Action for the board of defendant’s wife. The defense was that the person boarded by plaintiff was not defendant’s wife. The alleged wife testified that a marriage certificate had been given her at the time of the marriage, and on a certificate of marriage being shown her, added, “ this was given me by him afterward.” Defendant objected to the admission of the certificate in evidence upon the ground that it was irrelevant, incompetent and hearsay evidence,—Held, on appeal, that the referee could properly infer from this testimony that the certificate received in evidence was the original and had been given her at the time of her marriage; and [it having been afterward shown by cross-examination that this was a certificate made a year after the marriage] if defendant wished to object upon the ground that it was not an original, he should have specifically pointed out his objections, in order to make them available on appeal.
23. Objection as “improper, irrelevant, and immaterial not'enough as an objection to substituting the opinion of the witness for that of the jury. Mortimer v. Manhattan Railway Co., 129 N. Y. 81. In an action by an abutting owner against an elevated railroad, a witness, called as a real estate expert, was asked in behalf of plaintiff to give his opinion as to the extent the rental value of the property was diminished per annum by the elevated railway structure and the passing of the trains. This was objected to by defendant “ as improper, irrelevant and immaterial, as assuming that "the property had been injured in that way, and as requiring the witness to separate such injury from that due to other causes. The court overruled the objection and defendant excepted.—Held, that the objection that the question sought to substitute the opinion of the witness for the judgment of the jury was not embraced in the objection-taken at the trial, and could not, therefore, be considered on appeal.
— compare Roberts v. N. Y. Elevated R. R. Co., 128 N. Y. 455. In an action by an abutting owner to restrain the operation of an elevated railroad in a street,—Held, that the opinion of an expert as to what would have been the value of plaintiff’s property had the railroad not been built, was incompetent testimony, and objection at the trial to such testimony on the ground'that it was incompetent and that it was for the court alone and not for the witness to determine the amount of damages, was sufficiently exact to raise the question on appeal.
24. Immaterial, incompetent and irrelevant. Stouter v. Manhat *449 tan Ry. Co., 127 N.Y. 661 ; s. c., 38 State Rep. 162. Action by a passenger for personal injuries' caused by a railway collision. To questions tending to elicit testimony that if a stop block had been at the junction where the collision took place the accident would not have occurred, defendant objected generally, and also that such evidence was immaterial, irrelevant and incompetent. The objections were overruled and defendant excepted.—Held, on appeal, that under such objections, the admission of the testimony could not be challenged upon the ground that no proof had been previously given, that the railway had been found by experience to be unsafe without a stop block, or that stop blocks were in practical use; since such proof might have been supplied at the trial, if the objection had been specifically taken, the evidence offered not being in its essential nature incompetent.
25. “ Immaterial, incompetent and hypothetical," in fact “ 7iot the i7ieasure of da,7nages," not available as objectio7i that questio7i was 7iot one for opi7iion evide7ice. Carter v. N.Y. Elevated R. R. Co., 134 N. Y. 168; s. c., 45 State Rep. 848 ; 31 Northeast. Rep. 514. In an action against an elevated railroad company for damages to property abutting on the street in which the road had been erected, an objection to the opinion of an expert witness, as to the existence and amount of damages sustained on the ground that it was “ immaterial, incompetent and hypothetical, and that the difference in value was not the measure of damages,” is insufficient to raise the point on an appeal that the question called for opinion as to a fact not provable by opinion, especially where both parties had asked their expert witnesses similar questions.
26. Objection to “ calling for the opinion of the witness ” not available as an objectio7i to jra77ie of hypothetical questio7i. Haviland v. Manhattan Ry. Co., 15 N. Y. Supp. 898 ; s. c., 40 State Rep. 773; aff’d in 131 N. Y. 630, without opinion. In an action for personal injuries, caused by a collision on defendants’ railway, a medical witness was asked, assuming that plaintiff was in good health the day before the accident, and that she was thrown from her seat in defendant’s car, carried in an ambulance to a house near by, and afterwards removed to Brooklyn, and was then examined by witness and found to be suffering from rapid pulse, bruises and ruptured veins, what would the witness say was the cause of her injuries. The question was objected to on the ground that it called for a conclusion of the witness.—Held, the objection having been specifically directed against the admission of an opinion, that upon appeal the objection was not available as to the point *450 that the question was not properly framed and involved more than was requisite to obtain the opinion of the witness.
27. Carter v. Tallcot, 36 Hun, 393. Upon the trial of an action brought by an attorney-at-law to recover for professional services, questions put by the defendant to an expert witness to elicit his views as to the professional conduct of plaintiff, were excluded under a general objection, no specific objection being made that the questions were improperly framed.—Held, that it was error to exclude ' such questions ; the views called for being competent as based on facts which some evidence tended to prove, etc.
28. — nor to taking opinion of a non-expert. Matter of N. Y. Elevated R. R. Co., 35 State Rep. 947 ; s. c., 12 N. Y. Supp. 857. In proceedings before a commission to ascertain the compensation to be paid for property to be taken for a railroad.—Held, that an objection to a witness’ testimony on the ground that it was incompe.tent, irrelevant and immaterial, was not sufficient in a proceeding of such a nature to raise the objection that the question called for an opinion of a witness not an expert.
29. Objection to “ conclusio'i" of the witness not sufficient as an objection that he did not appear to have personal knowledge. Richmondville Union Seminary v. McDonald, 34 N. Y. 379. Action by a corporation to recover a subscription to stock. A witness for plaintiff was permitted to answer the question : “ Were the debts contracted by the trustees and officers of plaintiff on the faith of and relying upon the subscription made ?" against defendant’s objection that the question called for a conclusion of the witness and not a fact. —Held, that such objection was not sufficiently definite to raise the objection on appeal that the .witness was not shown to have such an acquaintance with the subject-matter as to make him competent to answer the question; especially as it appeared that the witness was the vice-president of plaintiff, and if the objection sought to be raised on appeal had been sufficiently definite at the trial, it might have been obviated by showing that the witness had personal knowledge of the corporate transactions.
30. Objection asunot properly certified” a mere general objection, which may be overruled if defect is not specified. Hunter v. Walter, 12 N. Y. Supp. 60; s. c., 35 State Rep. 363 ; aff’d, without opinion, in 128 N. Y. 668. Foreclosure of mechanic’s lien. A certified copy of a notice of mechanic’s lien offered in evidence was objected to as. “ not properly certified.”—Held, that such general objection did not reach a mere informality in certification, where proper proof might have been furnished had the defect been specified.