AKERSLOOT v. SECOND AVE. RY. CO.

(*Supreme Court, General Term, First Department.* February 14, 1890.)

1. EXCESSIVE DAMAGES—REVIEW ON APPEAL.
    In an action against a railway company for loss of services of plaintiff's infant son, who had lost a part of his right leg through defendant's negligence, a verdict of $2,000 will not be set aside on appeal as excessive, evidence having been offered in reference to the amount of damages sustained by plaintiff.
2. TRIAL—OBJECTIONS TO EVIDENCE—IRRELEVANT EXAMINATION.
    It is not error for a trial court to restrain an apparently irrelevant examination, when the counsel putting the questions makes no disclosure whatever of the object for which the questions are asked.

Appeal from circuit court, New York county.

Action by Henry S. Akersloot against the Second Avenue Railway Company. Verdict for plaintiff. Defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT, J.

*Aug. S. Hutchings,* for appellant. *C. A. H. Bartlett,* for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for loss of services and necessary expenses incurred by the plaintiff as father of his infant son, who was injured by an accident alleged to have been caused by the negligence of the defendant. The child lost a part of his right leg as the result of the injury thus received. The jury upon the trial rendered a verdict for $2,000, and one of the grounds of this appeal is that the verdict was excessive, and should be set aside for that reason; and the learned counsel for the appellant enters upon a sort of arithmetical calculation as to what the amount of the loss of earnings by the father in consequence of the accident would be, and attempts to demonstrate by this process of reasoning that the verdict is excessive. In view of the decisions of the courts in respect to verdicts of this description, we do not see how we can interfere with the verdict in question. In the case of *Ihl* v. *Railroad Co.*, 47 N. Y. 321, a verdict of $1,800 for the pecuniary loss suffered by the next of kin of a child of three years and three months old was sustained. It is true that the court in that case say that the court below perhaps might have held the verdict to be excessive, but that even in a case of that description they could not hold that the plaintiff was only entitled to a verdict for nominal damages. If, therefore, there was evidence offered (as there was) to be considered by the jury in reference to the amount of damages which the plaintiff sustained by reason of the injury to his son, we cannot say that the award they have made is excessive.

The only other objection to the verdict is as to the validity of exceptions taken to the admission of evidence. It is claimed upon this appeal that the defendant had a right to show the circumstances surrounding the household of the sister of the principal witness for the purpose of discrediting her statement that she was taking the boy home to stay with her overnight. Upon an examination of the record, it will be seen that the counsel who was putting the questions made no disclosure whatever of the object for which the questions were asked. For example, to the question: "How many rooms were there?" which was objected to as irrelevant, the only information which the counsel vouchsafed to the court was, "It bears very strongly upon our defense," without stating in any manner how it bore, and what the relevancy of the question was. The court, deeming the question an impertinent one,

not relevant to the issues to be passed upon by the jury, excluded the same. No intimation was given that it was desired to contradict the testimony of the principal witness by showing that there were no accommodations at the house of her sister for the keeping of the boy overnight. The next question put was: "How many beds were there in the rooms occupied at that time by your sister's family?" The same objection, ruling, and exception were taken. We think that the counsel was bound to state to the court the purpose for which these questions were asked. They were to all appearance entirely irrelevant, and no information was given as to how they could possibly be material to the defense. It was therefore no error upon the part of the court to restrain this apparently irrelevant examination under the circumstances of the case. We see no reason for a reversal of the judgment, and the same should be affirmed, with costs.