BENESCH *v.* JOHN HANCOCK MUT. LIFE INS. CO.

*(Common Pleas of New York City and County, General Term.* December 1, 1890.)

1. POWERS OF AGENTS—APPARENT AUTHORITY.
   Plaintiff, on an invitation received in reply to his answer to an advertisement, seeking employment, went to the office of defendant, a foreign corporation, and was referred by defendant's manager to one M., who drew up a written application for the employment of plaintiff, to be sent for approval to defendant's home office, which plaintiff signed; and M. engaged him in the mean time at a weekly salary, and demanded and received from him a deposit of money as security for the faithful discharge of his duty. The application was not sent to or approved by the home office. *Held,* that it was no defense to an action by plaintiff, to recover such deposit and salary, that the manager had authority only to receive applications for employment, and to employ applicants after they were approved by the company, plaintiff having no knowledge of this limitation of the manager's authority, as his apparent authority was general.

2. SAME—PROOF OF AGENCY.
   In an action against a corporation on a contract alleged to have been made with plaintiff by H. on behalf of defendant as its manager, H. was called as a witness by defendant to show the course of business, the restrictions on his authority, etc., and testified that he was manager of the company; and this was not contradicted. *Held,* that the evidence established his agency.

Appeal from seventh district court.

Action by Antoine K. Benesch against the John Hancock Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals. For former report, see 10 N. Y. Supp. 956.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Langbein Bros. & Langbein,* for appellant. *H. C. Kundlich,* for respondent.

DALY, C. J. The defendant is a foreign corporation having an office at No. 28 Union square, in the city of New York, which is in charge of Mr. Hill, the manager for the defendant. The plaintiff, seeking employment and seeing an advertisement in the Staats Zeitung, wrote to the said office, and received a written reply, whereupon he called there, and was received by the manager, Mr. Hill, who, upon learning his business, referred him to one Emil Miller as the "superintendent for Staten island." Miller entertained the application of plaintiff for employment, drew up a written paper for him to sign, to be sent to the home office for approval, engaged him in the mean time at a salary of $10 per week to solicit insurance for the company, and demanded from him $100 as security for the faithful discharge of his duty, which sum plaintiff paid into the said office. Plaintiff worked six weeks in procuring applications for insurance in the company, and received three weeks' wages, being the sum of $30. His application was not sent to nor approved by the home office, and, upon his failing to receive any further wages, he brings this action to recover his $100 deposit, and $30 balance of salary due. The claim is resisted by the company on the ground that the plaintiff was employed by Miller and not by the company; that Miller was merely an agent to solicit insurance and collect premiums, and had no authority to hire others; that Hill had no authority to hire agents except with the approval of the home office after written application submitted to it; that no person had authority to receive deposit of cash as security, the only security received by the company being a bond; that the application of plaintiff was never received by nor sent to the home office; that defendant had no knowledge of the employment

of plaintiff.   The justice before whom the cause was tried gave judgment for the plaintiff for the full amount claimed, and the defendant appeals.

The judgment should be affirmed.   The transaction through which the plaintiff was induced to part with his money and give his services to the company, under, as he believed, due employment by them, took place at the office of the company in New York, and, in effect, with the manager himself; for although all that Mr. Hill, the manager, did was to refer the plaintiff to Mr. Miller, yet as this was done with full knowledge of the plaintiff's application for employment, and that he came to that office pursuant to an advertisement and a letter apparently issuing from it, whatever Miller did in respect of the plaintiff's application was as much an act of Hill as if the latter personally transacted the whole business.   The plaintiff having first applied to Hill, and being referred by the latter to Miller, without any notice that Miller was acting on his own behalf, had a right to assume that Miller was acting for Hill. Miller was an agent of the company, with limited powers, which did not include the hiring of others; but the plaintiff dealt with him because referred to him by Hill, and the plaintiff's right of recovery does not depend upon Miller's authority, but upon Hill's.   Hill's power to employ agents was, it seems, restricted by the company to receiving and forwarding written applications for employment, and the hiring of such applicants as were thereafter approved by the company.   The plaintiff, however, did not know of this limitation upon Hill's authority.   He knew that he had to sign a written application, and he did so; but whether Hill had power to employ him temporarily, pending the approval by the home office, and whether Hill had authority to accept and receive at the time of the application a cash deposit as security, he did not and could not know.   All he knew was that he was invited to come to the office of the defendant's manager to obtain employment; that he went there pursuant to such invitation, and there found the manager, who referred him to another person who assumed to employ him in the regular course of business, and set him to work.   The case resembles in its principal features Cox v. Albany Brewing Co., 10 N. Y. Supp. 213.   There the plaintiff was employed for one year by one Gray, an agent of the corporation, who had no authority to hire men longer than a day at a time, but the court sustained a recovery upon the contract, on the principle that, although a special agent with limited powers cannot bind the principal where he acts outside the scope of his authority, yet the rule is subject to the qualification that, when an agent is intrusted to do a particular kind of business, he becomes, as between the principal and parties dealing with him, the general agent for the transaction of that business, and his acts, as between his principal and strangers in that particular line, will bind the principal, although he violates some private instruction given by his principal not known to the public.   It was held that as Gray had authority to hire hands, such authority, as between defendant and strangers dealing with him in that line, would be general, unless the limitation or qualification of his authority was made known to persons whom he employed in the service of the defendant, and that, as between the parties, Gray was the ostensible agent of the defendant, and clothed with all power he assumed to exercise.   In this case, Hill, who was manager of the company, had authority to receive applications, and to employ agents.   It was not known to the plaintiff that the authority to employ did not exist until the company had approved the applications which Hill was authorized to receive.   If Hill exceeded his authority, and employed persons pending the approval of the application, and they performed work for the company upon the conditions fixed by Hill, they are not to suffer because of the undisclosed limitations upon Hill's authority.   As between Hill and the plaintiff, his apparent authority was general.   In the case quoted, the general term of the third department, (May, 1890,) cites the language used in the opinion in Conover v. Insurance Co., 1 N. Y. 292: "Incorporated companies, whose business is necessarily conducted altogether

by agents, should be required at their peril to see to it that the officers and agents whom they employ not only know what their powers and duties are, but that they do not transcend those powers. How else are third persons to deal with them with any degree of safety?" and "the public have no means of judging in a particular instance whether the officer is. or is not within his prescribed limits." And the courts say: "The plaintiff had a right to assume that the person at the office who assumed to employ laborers had authority to act in that capacity, and it has been held that a jury may presume the authority in such a case from an act apparently done in the usual course of business at the office of the company, without the evidence of actual knowledge on the part of the company or its directors, or of express ratification." The appellant contends in his brief that there is no proof that Hill was manager of the company, or that his office was the office of the company. This can hardly be seriously argued in the face of Hill's repeated and uncontradicted testimony that he was manager of the company, and, in view of the fact that the defendant called him as its own witness to show the course of business at the office, the restrictions upon his authority imposed by the defendant, etc. It was further proved that a cash deposit had been received at the office, and apparently with the knowledge of Hill in a previous case, and that other persons had been employed as the plaintiff had been, and had made deposits, and had been paid wages at the office. None of the authorities on the question of agency conflicted with the cases cited and relied upon, and none of the exceptions calls for reversal. The judgment should be affirmed. All concur.