(9 Misc. Rep. 90.)

## MOOK v. PARKE et al.

(Common Pleas of New York City and County, General Term.   June 4, 1894.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.
   Where defendant, to whom plaintiff applied for employment, refers him, with full knowledge of his application, to a third person, defendant is chargeable with the acts of such third person in regard to the application.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
   Where evidence offered for a certain purpose was excluded, its admissibility for other purposes will not be considered on appeal.

Appeal from city court, general term.

Action by William H. Mook against Parke, Davis & Co. to recover damages for wrongful discharge of plaintiff. From a judgment entered of the city court (27 N. Y. Supp. 1134), affirming a judgment entered on a verdict in favor of plaintiff, and an order denying defendant's motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Chambers & Boughton, for appellant.

Burr & De Lacy, for respondent.

BOOKSTAVER, J.   This action was brought to recover damages for the wrongful discharge of the plaintiff, whose testimony was to the effect that he called at the office of the defendant company, dealers in drugs and physicians' supplies, and asked its manager, one Clay, for employment as a traveling salesman, and was referred by him to one Templeton, who was in the same building, in the office in the rear, and who was represented by Clay as having charge of the salesmen. Clay denied, upon the stand, that he told plaintiff that Templeton had charge of the salesmen; but it is significant that he did not deny sending plaintiff to Templeton, and he admitted that, so far as he could remember, the conversation was, in general, as the plaintiff had testified. He expressly disclaimed, however, any distinct recollection of the details of the meeting.   Under the authority of Benesch v. Insurance Co. (Com. Pl. N. Y.) 11 N. Y. Supp. 714, if the plaintiff was referred by Clay to Templeton with full knowledge of plaintiff's application for employment, whatever Templeton did in the matter of the application was as much the act of Clay as if the latter personally transacted the whole business; and, in this aspect of the case, the question whether Templeton in fact, and independently of this reference to him by Clay, had authority to employ the plaintiff on defendant's account, is immaterial, and it was proper for the trial judge to exclude all evidence that went to show that he did not have any such authority.

The plaintiff, however, did not stop here, but introduced a new issue, by putting in evidence a check, as follows:

"New York Branch, Parke, Davis & Co.; John Clay, Manager.

"No. 3,623.                                    N. Y., May 15, 1890.

"Phenix National Bank:   Pay to the order of W. H. Mook one hundred 00-100 dollars ($100 00-100).                              John Clay."

—Which he received on account of salary as salesman. It is argued that this, being a direct payment from the defendant to the plaintiff, was a recognition of him as an employe, and a ratification by the defendant of the contract, even conceding that it was not originally enforceable against it. Clay, however, testified that this check "had nothing to do with the business of Parke, Davis & Co.," and that it was drawn in pursuance of a specific contract between himself and Templeton.

The appellant's chief reliance is upon error alleged to have been committed by the trial judge in excluding certain contracts and other writings between Templeton and the defendant. Parts of these writings disclose the fact that Clay was Templeton's attorney in fact for the purpose of making certain payments, including salaries of salesmen employed by Templeton individually, in accordance with the contract on his part to place the products of the defendant company upon the market in this manner. It is argued upon the appeal that this agreement should have been admitted, as it was important corroboration of Clay's testimony that the check was given by him personally, in pursuance of a contract with Templeton. The weakness of the appellant's position is that the argument so cogently made here was not presented at all upon the trial. Sterrett v. Bank, 122 N. Y. 659, 25 N. E. 913; Akersloot v. Railway Co. (Sup.) 8 N. Y. Supp. 926. There the effort was to get these papers in to prove that Templeton had no authority to act for the defendant in the employment of salesmen, and for that purpose they are inadmissible. The writings were long, and only a few lines were material, and even these to but a single issue involved; and from that issue the attention of the court was called by the language of the offer, which was as follows: "I again offer these papers to show, first, that Templeton was not employed by Parke, Davis & Co.; that he had no authority to employ any salesmen," etc. Had the trial judge's attention been called to these portions, and their relevancy urged, there can be no doubt but that he would have admitted them, as is shown by his ruling, made just afterwards, but in connection with other evidence: "I will allow you to explain that check, or any other check given by the witness [Clay], as that is in rebuttal of testimony already in." Against the question, "Was there any paper executed which provided Templeton should draw any orders upon you for money that might be due to Templeton or to his employes?" and other similar subsequent ones which were executed, the same objections lie. Their materiality was not clearly apparent, especially with the mind of the court under a misapprehension as to the object of the questions, induced by the repeated attempts of counsel to get in the same kind of inadmissible evidence for the same purpose. This also explains and justifies the court's interruption: "I will exclude the papers marked for identification. I will also exclude any offers,"—which, as we understand it, was no more than an attempt to forestall any further attempts of a similar kind. The claim that other questions asked and excluded should have been allowed, because they were designed to contradict testimony previously given by the plaintiff, cannot be

supported. No objection was made at the time to the admission of such testimony, nor had the issues then become so well defined that it was apparent that the testimony admitted was immaterial. The judgment must therefore be affirmed, with costs. All concur.