### WISE v. INTERNATIONAL SOC.

#### (City Court of New York, General Term. April, 1902.)

AGENCY—PROOF—DECLARATIONS OF AGENT.

Where the evidence merely showed that plaintiff, in response to an advertisement, called at defendant's office, and was employed as a canvasser by one there, who stated himself to be defendant's superintendent, there could be no recovery of commissions, where the agency of the one employing plaintiff was shown only by his statements.

Appeal from trial term.

Action by Morris Wise against the International Society. From a judgment for plaintiff, and from an order denying a new trial, and from a motion to set the judgment aside, defendant appeals. Reversed.

Argued before SEABURY and DELEHANTY, JJ.

Lenney & Donovan, for appellant.

Benedict S. Wise, for respondent.

SEABURY, J. The plaintiff, in response to a printed advertisement which he claims bore the name of the defendant, visited an office in an office building, in the hallway of which was a sign with the defendant's name upon it. At the office he inquired in reference to the

advertisement, and had a conversation with one Carter, who represented himself to be the superintendent of the defendant. Carter employed the plaintiff to solicit subscriptions for a book upon Cuba by Gen. Fitzhugh Lee. The plaintiff had several conversations with Carter at this office, and Carter delivered to the plaintiff a prospectus of the book, and collected 50 cents from him for the prospectus. The plaintiff also made weekly reports to Carter as to the number of subscriptions obtained. The title page of the books sold, which were delivered to plaintiff by Carter, bore the name of the defendant. This action was brought by the plaintiff to recover commissions earned by him under the contract alleged to have been made with the defendant through Carter. The answer of the defendant denies the allegations of the complaint, but no evidence was offered by the defendant upon the trial, and a verdict was directed for the plaintiff.

The appellant now contends that insufficient evidence was offered upon the trial to show that Carter represented the defendant. If Carter was the agent of the defendant, even though his authority was restricted, in view of all the circumstances of the case, the plaintiff would have been justified in assuming that he had authority to employ him. The only evidence, however, that Carter was the agent of the defendant, was his own statement that he was its superintendent. Agency cannot be established by the representations of the agent as to the fact of agency. There was no evidence of agency, and the other facts established by the evidence do not, alone, justify the conclusion that Carter was the agent of the defendant. The cases cited by the counsel for the respondent merely hold that, where one who was admittedly an agent hired employés, the employés were justified in assuming, under the circumstances existing, that the agent had authority so to employ them. Benesch v. John Hancock Mut. Life Ins. Co. (Com. Pl.) 11 N. Y. Supp. 714. These cases are clearly distinguishable from the case at bar, where the fact that Carter was the agent of the defendant for any purpose is denied. The question in this case is, was Carter the agent of the defendant? The agency of Carter cannot be inferred from any number, however large, of unauthorized acts. The acts from which the inference of authority is sought to be drawn were not shown to be authority by the defendant. Howard v. Norton, 65 Barb. 161. The record in this case presents no evidence of Carter's acts being performed with the knowledge or consent of the defendant, or of the money paid by the plaintiff to Carter being delivered or credited to the defendant; nor is there any evidence that the advertisement or book bearing defendant's name refers to this defendant, or that they were published by the defendant. The whole case rests simply upon the unsupported declaration of Carter that he was the agent of the defendant, and had authority to represent it. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.

DELEHANTY, J., concurs.