BERGERE et al. v. PARKER. (No. 355.)

(Court of Civil Appeals of Texas. El Paso. Oct. 29, 1914. Rehearing Denied Nov. 19, 1914.)

1. PRINCIPAL AND AGENT (§ 99*)—APPARENT AUTHORITY—RELIANCE.

The principal is bound by the acts of his agent within the scope of his apparent authority, when third persons in good faith and with reasonable prudence have dealt with the agent on the faith of such authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 254–261; Dec. Dig. § 99.*]

2. PRINCIPAL AND AGENT (§ 116*)—PRIVATE INSTRUCTIONS—RIGHTS OF THIRD PERSONS.

Private instructions to an agent as to prices, terms, and matters of detail generally cannot bind those who in good faith and necessary prudence, without notice, have dealt with the agent relying upon an apparent general authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 377, 377½; Dec. Dig. § 116.*]

3. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

Where it is admitted that an agent had authority to book attractions for a theater, but the agent's authority was limited by private instructions to a hiring for $100 a week, it was error for the court to ignore in its instructions the liability of the principal on a contract for $125 a week, where the apparent authority of the agent was relied on.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. PRINCIPAL AND AGENT (§ 189*)—PRIVATE INSTRUCTIONS—ISSUES.

Pleadings in an action for services as vaudeville performers, alleging that the agent who did the hiring was acting within the scope of his apparent authority, is sufficient to raise the issue of the liability of the principal for a hiring on terms in excess of private instructions to the agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 713–717; Dec. Dig. § 189.*]

5. SUNDAY (§ 17*)—CONTRACTS—VAUDEVILLE PERFORMERS.

A contract for services of vaudeville performers is not void as in violation of Pen. Code 1911, art. 302, where the contract called for no services upon Sunday except such as might be lawfully given.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 48, 49; Dec. Dig. § 17.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by Jeanette and Rose Bergere against B. J. Parker. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

R. W. Franklin and L. E. Blankenbecker, both of Houston, for appellants. A. B. Wilson and Cole & Cole, all of Houston, for appellee.

HIGGINS, J. Appellants sued appellee to recover salary alleged to be due upon two written contracts for their services as vaudeville performers. The contracts were made in Parker's behalf by William Morris, Inc., a booking agency, through its representative, William Grover. One contract called for a week's service at the Lyric Theatre in Houston for a salary of $125, and the other for a week's service at The Theatredome in Galveston for a salary of $100. Appellants appeared at the Lyric Theatre and offered to perform, but Parker declined to pay more than $100 for the week's service. It seems that he had no theater in Galveston, but appellants tendered their services to him there, which he declined.

It is admitted by Parker that he had entered into negotiations with Grover, representing William Morris, Inc., with the view of having the latter act as a booking agent for Parker's Texas theaters, and that a written contract to that effect was to be entered into between the parties, but that the contracts were never forwarded for his signature and the deal fell through. Parker admitted, however, that pending these negotiations, William Morris, Inc., or Grover for it, was authorized by him to book attractions for him, but claimed that he gave no authority to contract for a salary exceeding $100 per week. Plaintiffs alleged that in making the contracts with them, William Morris, Inc., acted for defendant in the course of his employment and within the actual, implied, and apparent scope of its authority, and that William Morris, Inc., was represented by its agent, William Grover, thereunto duly authorized and empowered.

Upon trial before a jury, the cause was submitted upon instructions which read:

"The plaintiffs claim the right to recover on two contracts which they allege were entered into with them by the defendant, through his agent and representative, Wm. Morris & Co., Inc., who acted, they allege, through its agent, Wm. Grover. The defendant denies that any one having authority to represent him, entered into said contracts.

"II. You are instructed that unless you believe from the evidence that Wm. Morris & Co., Inc., were authorized by the defendant to enter into said contracts, you need not inquire further, because in the event you do not so believe from the evidence, the plaintiffs cannot recover herein, and you will so find.

"III. In determining whether or not Wm. Morris & Co., Inc., were so authorized, you are instructed that the uncontroverted evidence shows that prior to the date of said contracts the defendant had negotiated with Wm. Grover as the agent of Wm. Morris & Co., Inc., concerning certain arrangements in contemplation between said Wm. Morris & Co., Inc., and the defendant; and, if you believe from the evidence that pending said negotiations the defendant

gave to the said Grover authority to enter into said contracts, and that in so giving to the said Grover said authority, the defendant understood him to be acting as the agent of said Wm. Morris & Co., then any such authority he did give the said Grover will be considered by you as having been authority given by the defendant to said Wm. Morris & Co., Inc.; on the other hand, if you should believe from the evidence that pending said negotiations the defendant gave Wm. Grover authority, but should not further believe from the evidence that he gave said authority to said Grover as the agent and representative of Wm. Morris & Co., Inc., then, in this last-named event, the plaintiffs cannot recover in this case, and you will so find.

"IV. You are further instructed that if you believe from the evidence that the said Wm. Grover, prior to the entering into of said contracts, informed the defendant, Parker, that he could get the Bergere sisters, the plaintiffs, for $100 a week, and that the defendant consented in reply to such information to employ the plaintiffs at $100 per week, but should not further believe from the evidence that the defendant authorized the said Grover to contract with plaintiffs for more than $100 per week, then in this event the plaintiffs cannot recover, and you will so find.

"V. The burden of proof is upon the plaintiffs to prove by the preponderance of the evidence the facts relied upon by them to show that Wm. Morris & Co., Inc., through Wm. Grover, its agent, were authorized by the defendant to enter into said contracts; and unless they have done so, you will find for defendant."

By appropriate assignments, complaint is made of each of the foregoing paragraphs of charge. It is unnecessary to discuss them in detail, and we will very briefly indicate the legal principles applicable.

[1, 2] It is a fundamental rule of the law of agency that the principal is bound by the acts of his agent when the latter acts within the scope of his apparent authority and third persons in good faith and in the exercise of reasonable prudence have dealt with the agent on the faith of the authority apparently conferred upon him. Private instructions or limitations as to prices and terms and matters of detail generally cannot affect or be binding upon those who in good faith, without notice thereof, and in the exercise of the necessary prudence, have dealt with the agent, relying upon an apparent general authority. Citation of authority to this effect is perhaps unnecessary, but this general rule is announced in the following: Baker v. Kellett, 84 S. W. 661; Hayward Lbr. Co. v. Cox, 104 S. W. 403; Irr. Co. v. Sweeney, 81 S. W. 545; Oil Co. v. Bank, 34 Tex. Civ. App. 551, 79 S. W. 653; Barnes v. Downes, 2 Willson Civ. Cas. Ct. App. p. 472, § 524; Mechem on Agency (1st Ed.) §§ 362–365.

[3] It is admitted by Parker that William Morris, Inc., or its representative, Grover, at the time Bergere sisters were engaged, had authority to book such attractions for his Texas theaters, and the court erred, in the paragraphs of the charge quoted, in ignoring the issue of defendant's liability under the rule indicated.

[4] The claim is not well taken that the pleadings do not raise this phase of the case. It is alleged that the agent acted within the scope of his apparent authority.

[5] There is no merit in appellee's further contention that the contract was void because in violation of article 302 of the Penal Code. The contract called for no service upon Sunday, except such as might lawfully be given.

For the error indicated, the cause is reversed and remanded.