## TEXAS INDEMNITY INS. CO. v. HEAD.

No. 3284.

Court of Civil Appeals of Texas. El Paso.

Nov. 21, 1935.

Rehearing Denied Jan. 2, 1936.

W. J. Loftus, Don Emery, R. K. Batten, and T. L. Dyer, all of Amarillo, for appellant.

J. B. Cotten and F. H. Woodard, both of Crane, and F. C. Knollenberg, of El Paso, for appellee.

WALTHALL, Justice.

This appeal is prosecuted from a judgment of the district court of Crane county, Tex., and from an order of that court overruling a motion for a new trial, in the

suit wherein plaintiff, J. O. Head, sought to have set aside an order of the Industrial Accident Board of Texas awarding him compensation under the Texas Workmen's Compensation Act (Vernon's Ann. Civ.St. art. 8306 et seq.), and to recover compensation for certain alleged accidental injuries resulting in incapacity for labor, and claimed by plaintiff to have been sustained by him while employed by Phillips Petroleum Company, whose compensation insurance carrier was defendant.

Plaintiff alleged that on or about the 30th day of May, 1934, while engaged in the course of and in the discharge of the duties of his employment as a laborer by Phillips Petroleum Company, at or in connection with its McCamey Gasoline Plant, in Crane county, Tex., he was accidentally injured by breathing and inhaling poisonous gas and poisonous gaseous fumes, and by falling as a result thereof; that said accidental injury resulted to plaintiff in alleged personal bodily injuries summarized in his petition, and which injuries plaintiff alleged were and are permanent, and that he is thereby totally incapacitated for work; he prayed judgment for compensation and in a lump sum at the rate of $19.03 per week for 401 weeks as for total permanent incapacity under the Compensation Act; in the alternative plaintiff asked to recover compensation for such period of time and at such rate as upon the trial he should show himself justly entitled to.

Defendant insurance company answered by general demurrer, general denial, and pleas which we need not state. The case was submitted to a jury upon special issues.

On the issues submitted, the jury found that in the course of his employment with Phillips Petroleum Company plaintiff sustained accidental personal injuries which resulted in total permanent incapacity, and that plaintiff should recover his compensation in a lump sum. Judgment was entered in favor of plaintiff in the total sum of $5,927.31, with interest.

The court overruled defendant's motion for a new trial, to which order defendant excepted and has perfected this appeal.

## Opinion.

The issue as to the duration of appellee's incapacity for work or labor was raised by the pleadings and the evidence.

The trial court submitted the issues as to total incapacity, permanent total incapacity and temporary total incapacity of appellee in the following special issues:

"Special Issue No. 6: Do you find from a preponderance of the evidence that such accidental injury, if any, on or about the 30th day of May, 1934, resulted in total incapacity of said plaintiff for any length of time? Answer yes or no.

"If you have answered Special Issue No. 6 'Yes', and only in such event, then answer:

"Special Issue No. 7: Do you find from a preponderance of the evidence that such total incapacity, if any, was permanent? Answer yes or no.

"If you have answered Special Issue No. 7 'no', and only in such event, then answer:

"Special Issue No. 8: From a preponderance of the evidence how many weeks, if any, of total incapacity, if any, do you find the plaintiff will sustain by reason of the injury, if any, on or about May 30th, 1934? Answer in the number of weeks, if any."

Appellant excepted to special issue No. 8, as submitted, because of the condition prefixed to that issue, and insisted that issue No. 8 should be submitted without regard or reference to issue No. 7. The court overruled the objection and appellant excepted, and insists here that issue No. 8 should have been submitted unconditionally and not qualified as above.

Appellant submits that by the conditional submission of issue No. 8 the court instructed the jury that if in answer to previous issues submitted the jury had found appellee to be permanently and totally incapacitated then they need not answer the issue of temporary total incapacity.

We have concluded that the pleading and evidence necessitated the submission of the issue of temporary total incapacity unconditionally and that it was error to submit that issue to be considered in the event only the jury should answer "no" to issue No. 7.

In the recent cases of Traders & General Ins. Co. v. Shanks, 83 S.W.(2d) 781, and in Traders & General Ins. Co. v. Babb, 83 S.W.(2d) 778, and Traders & General Ins. Co. v. Wimberly, 85 S.W.(2d) 343, this court had occasion to consider the question here presented and in that case expressed the view of this court on the question presented here. We refer

to those cases and the cases there cited, holding that appellant had the right to have the issue of temporary total incapacity separately and unconditionally submitted.

Now, while the court defined to the jury each of the terms "total incapacity" and "partial incapacity" as used in the general charge, the issue of "temporary incapacity to labor was not unconditionally submitted in Issue No. 8."

Appellee submits that the issue of temporary total incapacity was properly and unconditionally submitted in issues Nos. 9 and 18, in submitting "partial incapacity" to labor, and that the jury made findings on the issues submitted. Issues 9 and 18 were submitted as follows:

"Special Issue No. 9: Do you find from a preponderance of the evidence that such injury, if any, of date on or about May 30th, 1934, resulted in partial incapacity of the plaintiff for any length of time? Answer 'yes' or 'no.'

"Special Issue No. 18: Do you find from a preponderance of the evidence that the injury received by the plaintiff on or about May 30th, 1934, if you have answered that he received such injury, did not result in partial incapacity of the plaintiff for any length of time? You will answer this issue by answering: 'It did not result in partial incapacity' or 'it did result in partial incapacity,' as you find the facts to be."

The court did not submit to the jury to find under either of issues 9 or 18 how many weeks, if any, of temporary incapacity the plaintiff will sustain by reason of the injury, so that the issue of the number of weeks of incapacity plaintiff will or did sustain by reason of his injury, whether temporary or permanent, was submitted only under issue No. 8, and submitted conditionally.

We have concluded that appellant's first proposition should be sustained.

█ It seems from the record that appellee's average weekly wage was computed under subdivision 1 of section 1 of article 8309 of the statute.

Appellant submits that it appears from the undisputed evidence that appellee's average weekly wage could not be computed under said subdivision 1, because appellee had not worked as much as substantially the whole of the year immediately preceding the injury in the employment in which he was working at the time of the injury.

Appellee pleaded: "That at the time of the receipt of said injuries, and for a period of more than twelve months theretofore, he had been drawing $137.50 per month, working four and one-half (4½) days per week and seven when necessary in the interest of his employer; and he alleges that by taking his average monthly wage in the sum of $137.50, and multiplying same by 12 (there being 12 months per year) that his annual wage would be a sum equal to $1,650.00 per year and that by dividing the said sum of $1,650.00 by 52 (there being 52 weeks per year) his average weekly wage would be a sum equal to $31.73, and that after applying the essential processes of calculation it is found that sixty percent (60%) of $31.73 is the sum of $19.03 and this, he alleges, is his weekly compensation rate under the terms and provisions of the Employers' Liability Act of the State of Texas and the policy of insurance issued by Texas Indemnity Insurance Company compensation at the rate of $19.03 per week for a period of 401 weeks or a total sum of $7,631.03, together with interest at the rate of six per cent."

Subdivision 1 of section 1, article 8309, provides: "If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed."

According to appellee's pleading and the testimony of both appellee and Carl Fisher, superintendent of Phillips Petroleum Company, 4½ days of eight hours each constituted a week. That was all he could work under the N.R.A. It appears from the record that appellee had not worked during the year next preceding his injury in excess of 234 days. In Petroleum Casualty Co. v. Williams, 15 S.W.(2d) 553, 555, in construing what is meant by a year and the clause substantially the whole of the year immediately preceding the injury, as used in subdivisions 1 and 2, of section 1, of article 8609, the Commission of Appeals said: "We are further of the opinion that substantially a year, within the meaning of subdivisions 1 and 2, is exactly 300 days

or close to, or near to 300 days. It may be slightly more than 300 days or slightly less than 300 days. That is to say substantially a year means a year or about a year, or so near a year as to be a year for all practical purposes."

In fixing 300 days as substantially constituting a year for labor within the meaning of the statute, it will be observed that the court eliminated the 52 Sundays and the 11 holidays that are generally observed by our citizens in all walks of life, and further gave the reason for so construing the statute, as being within the intent and meaning of the Legislature in fixing the compensation for exactly a year on that basis.

We have concluded that under the construction of subdivisions 1 and 2, as above, the average weekly wages cannot properly be fixed under either 1 or 2, and that under proper pleading, under the same facts as here, the average weekly wages must be fixed under other subdivisions of section 1 of article 8309, but probably under subdivision 3. Many opinions of the courts refer to Petroleum Casualty Co. v. Williams, supra, and apply the construction plead upon the subdivisions of section 1 of article 8309, and noted in Shepard's South Western Reporter Citations for May, 1935, to which we refer.

For reasons stated, the case is reversed and remanded.