## FIDELITY & CASUALTY CO. OF NEW YORK v. McLAUGHLIN.

### No. 10404.

Court of Civil Appeals of Texas.
Galveston.

May 27, 1937.

Rehearing Denied June 17, 1937.

Baker, Botts, Andrews & Wharton and Albert P. Jones, all of Houston, for appellant.

Albert J. DeLange, of Houston, and Morris & Bennett, of Beaumont (J. B. Morris, of Beaumont, of counsel), for appellee.

GRAVES, Justice.

This very general statement of the nature and result of the suit is taken in the main from appellant's brief, with only such interpolations in certain details as were deemed conducive to a better picture:

"This is a suit for compensation under the Workmen's Compensation Act [R.S. art. 8306, as amended, Vernon's Ann. Civ.St. art. 8306 et seq.]. It arose out of an injury alleged to have been sustained by appellee on February 28, 1934. The Industrial Accident Board rendered an award on August 1, 1934, in favor of the claimant, and an appeal was taken by appellant to the district court of Harris County in due time. In his cross-action, appellee alleged

that he was injured on February 28, 1934, while in the employ of Phoenix Engineering Corporation. at or near New Iberia, Louisiana, and that the injuries were sustained in the course of his employment. He further asserted that the work which he was doing at New Iberia was pursuant to a contract of employment entered into in Harris County, Texas, a few days before he began his work. Appellee claimed that as a result of the injuries sustained he was totally and permanently disabled for the performance of labor and sought to recover compensation for 401 weeks, at the rate of $20.00 per week. Messrs. Morris & Bennett, attorneys of Beaumont, sought an allowance of one-third of the recovery as their attorney's fee. It was undisputed that the claim for compensation was seasonably filed; that within the time allowed by law after the rendition of the award of the Industrial Accident Board, notice of dissatisfaction therewith was given, and that suit was seasonably filed in the district court of Harris County, in which the principal office of the Phoenix Engineering Corporation was located.

"Appellant's pleadings consisted of an original petition in the usual form, seeking to have the award of the Board set aside, and a supplemental petition consisting of a general demurrer to the cross-action, and a general denial of the allegations contained therein and certain special pleadings, among which were that the disability was solely caused by a disease of the blood and was at least partly caused by previous injuries.

"At the conclusion of the introduction of testimony, appellant moved for a directed verdict in its favor, which was refused, and an exception duly noted.

"The case was submitted to the jury on special issues. In brief, the verdict contained the following findings:

"(1) That appellee was employed by the Phoenix Engineering Corporation at Houston, in Harris County, Texas.

"(2) That appellee sustained an accidental personal injury in the course of his employment for that corporation, which resulted in incapacity to work and earn money.

"(3) That the injury resulted in total incapacity of J. T. McLaughlin to work and earn money, which had continued in the past and up to the time of the trial for a period of 59 weeks, and which would continue in the future after the date of the trial for a period of 52 weeks.

"(4) That the injury had resulted in the past in partial incapacity; that the partial incapacity he had sustained as a result of the injury was to the extent of 75%, and was permanent.

"(5) That the average weekly wage of J. T. McLaughlin on or about February 1, 1934, was $22.00, and that during the continuance of his partial incapacity, he would have an earning capacity of $5.50 per week.

"(6) That the disability sustained by McLaughlin was not solely the result of disease.

"(7) That prior to February 28, 1934, McLaughlin had sustained injuries while working for the United Gas System, but that he had fully recovered therefrom, and that no part of the disability from which appellee was suffering at the date of the trial was produced by the previous injury.

"(8) That the appellee's disability began March 24, 1934.

"After the verdict, appellant moved for judgment in its favor notwithstanding the verdict. This motion was denied, and an exception duly reserved.

"Appellee moved for judgment in his favor for compensation at the rate of $13.20 for a period of 111 consecutive weeks, beginning March 24, 1934, and beginning with the expiration of such period of 111 weeks, for compensation for partial disability at the rate of $9.90 per week for 290 weeks thereafter. This motion was likewise overruled, and an exception taken by appellee.

"On June 28, 1935, judgment was entered in favor of appellee for compensation at the rate of $9.90 for 300 weeks, beginning March 24, 1934. All parties excepted to the entry of this judgment."

In this court appellant assails the judgment so rendered in twenty-three propositions, which may be reduced, in epitome, to these six major contentions:

(1) Appellant's contention for a peremptory instruction in its favor should have been granted, because the Compensation Law of Texas did not apply to the developed facts, in that the appellee's employment in any event was solely for work to be done at New Iberia in Louisiana, and, even if he was hired at all in Texas—which is denied—it was to work wholly in Louisiana, he not being sent there either temporarily

in, or incidentally as a result of, any work in Texas.

(2) There was an irreconcilable conflict in the jury's findings, in that the appellee was found to have been totally disabled for a period of 111 weeks, and also during the same period partially disabled to the extent of 75 per cent.

(3) The trial court's having permitted the jury to calculate the appellee's average weekly wage under first subsection 3 of section 1 of R.S. art. 8309 was structurally wrong, in that no proper basis whatever had been laid for such calculation, it having undisputedly appeared that first subsection 1 of section 1 of that statute was inapplicable, but not that first subsection 2 of section 1 was inapplicable.

(4) Appellant's specially requested issues Nos. 1 and 2, inquiring, first, whether Sternberg had authority at Houston to employ appellee in advance of going there for work in New Iberia, and, second, whether he had told appellee the latter would have to be examined at New Iberia before he could be employed, should have been given, because Sternberg had testified both that he had no such authority and that appellee would have to be so examined.

(5) The submission of special issue No. 1 inquiring simply whether or not the appellee had been employed by the Engineering Corporation at Houston, Tex., on or about February 1 of 1934, was reversible error, since, in the circumstances otherwise shown, the jury were given no opportunity to determine the existence of conditions precedent to the creation of any such employment as was inquired about, the evidence having shown that appellee was told he would have to report to and be examined at New Iberia in advance of any employment, and that Sternberg lacked authority to otherwise make a contract of employment with him at Houston.

(6) Issue No. 1 as submitted was further erroneous, in that the jury was required in response thereto to find either "he was" or "he was not," which form of compelled answer deprived the appellant of its right to a finding in its favor, in event the evidence should be equally balanced and did not preponderate in favor of either a positive or negative answer.

It is concluded that none of these presentments should be sustained.

The first of them is based upon R.S. art. 8306, § 19, subsec. 1 thereof, and the Supreme Court's construction of it in Texas Employers' Ins. Ass'n v. Volek, 69 S.W. (2d) 33; it is, however, conceded in the argument both that the facts in the Volek Case were materially different from those here, and as to the law—to quote from appellant's brief—"there is no reported case in Texas squarely determining whether our Compensation Act covers employees that may be hired in Texas for the exclusive purpose of working in another State"; at any rate, it seems clear that there is no such judicial construction in Texas of the invoked statute as appellant makes of it, even were the underlying factual basis what it contends for, that is, that this appellee, even if hired at all in Texas, which it denies, was so hired for the exclusive purpose of working at New Iberia in the state of Louisiana; after a most careful examination of the statement of facts relating to that feature in particular, this court is neither able to say the evidence showed the appellee to have been hired solely for that particular job in Louisiana, or that its conclusion would have at all terminated his employment with the appellant; nor is it thought that this statute would have been entirely inapplicable, as contended for, even had the proof shown that he had been employed in Texas solely for the purpose of working in Louisiana, the cited statute having no conditional proviso, but simply saying, in effect, if any employee who has been hired in this state shall sustain an injury outside thereof, but in the course of his employment, he shall be entitled to the same compensation, rights, and remedies as if injured within this state; in principle, it is thought, the case of Price v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 296 S.W. 284, is sufficiently similar upon its facts as to make its holding an authority for the conclusion just stated; especially so since there appears nothing contra in the Volek Case so relied upon in this connection by the appellant, the main if not the sole holding there appearing to have been that Volek did not as a matter of law lose his status as an employee as a result of having been laid off for about ten days on account of an injury he had received.

Assuming, therefore, that the appellee was employed by appellant in Texas to work on the job at New Iberia in Louisiana, but not shown to have been exclusively so, and that such employment was the laying of a pipe line and temporary in

character, lasting from six weeks to two months, it is held that the cited statute was applicable and did entitle him to compensation under its provisions.

It would seem that the argument for an irreconcilable conflict in the jury's findings touching the appellee's disabilities herein is erroneous, upon at least two considerations:

■ That, when the elaborate inquiries on that feature and the resulting action of the jury thereon are looked to as an entirety, it seems reasonably clear no actual repugnancy resulted; rather that the jury merely meant to find the appellee to have been totally disabled for a period of 111 weeks, and also partially disabled to the extent of 75 per cent., which would be permanent, the latter period to begin at and succeed the culmination of the former. These issues are numbered from 5 to 17, inclusive, and without setting them out, or here discussing them seriatim, they are thus held to be reasonably reconcilable as having been meant to put the periods of total and partial disabilities found in the stated succession to each other rather than as having been coexistent.

This view of the verdict as a whole differentiates this case from that of Traders & General Ins. Co. v. Woods (Tex.Civ.App.) 103 S.W.(2d) 1058, et id omne genus, and classifies it among the distinguishable holdings cited in this court's opinion therein.

■ (2) Were the conflict to the extent contended for in this instance held to exist, however, still it is not thought a reversal would necessarily ensue, for the reason that the court—as the preliminary statement shows—entered its judgment only as upon a finding of partial disability for the prescribed period of 300 weeks in such an instance, thereby cutting out a percentage of the disability given the appellee by the jury and so awarding him less than he was really entitled to; this left the appellant in no position to complain, constituting what may be termed a harmless error as to it.

■ In this connection the appellee in his brief requests this court—in event it construed the verdict as to the disabilities as has been done—to reform the judgment to the extent of giving him the compensation prescribed for total disability for the 111 weeks, and that for partial disability for the remainder of the time, but, since no such claim has been brought here by cross-assignment, nor was urged upon the trial court, it is not thought proper to do so.

In further support of the conclusions stated on this branch of the cause, Aetna Life Insurance Company v. Culvahouse (Tex.Civ.App.) 10 S.W.(2d) 803, is cited.

■ (3) It is true the proof does indisputably show that appellee's wages could not have been calculated under first subsection 1 of section 1 of article 8309, but appellant's further insistence that it likewise failed to show the inapplicability of first subsection 2 thereof is error; on the contrary, it appeared therefrom that appellee's employer was a subscriber to the NRA—this matter having been injected into the cause by the appellant itself—and that both appellee and his employer were working subject to the provisions of the NRA, under which it was impossible for any employee to have so worked substantially the whole of the year immediately preceding the appellee's injuries, as prescribed in first subsection 2 of section 1 of the cited article, not only so, but it further appeared that the appellee had been employed upon a temporary project, that is, in laying a pipe line, which lasted from 6 weeks to 2 months, that he had not been employed previously thereto for substantially the whole of the year, and further that none of the witnesses who were in a position to know, that is, the officers of appellee's employers and others, had ever heard of any work of a similar nature to that being performed by the appellee in that vicinity; in other words, it thus was shown to have come out, partly at least from the mouths of appellant's own witnesses, that the appellee's employer had been operating at the time in question under the provisions of the NRA code, under which it was impossible to calculate the average weekly wage of such an employee on the basis of the average weekly wage of those similarly employed for the preceding year; wherefore, since the NRA (National Industrial Recovery Act [48 Stat. 195]) was in effect at the time of this injury on February 28 of 1934, it conclusively appeared that the provisions of first subsection 2 of section 1 were satisfied in this instance.

In recapitulation on this inquiry: The undisputed evidence—most of it from the officers of the Phoenix Corporation itself, which was then, or that had been during the preceding year, the only concern con-

structing such temporary pipe line work in that vicinity—developed that, under the NRA regulations to which he was so subject, the appellee's employment had been limited to a total of 40 hours per week, or 3½ days' regular weekly time, with a maximum overtime of one-half to three-fourths of a day, the entire 10-mile construction job having lasted only 6 weeks or 2 months, and, finally, that 60 per cent. of the average weekly wage thus paid him in those inhering circumstances exceeded the amount of the compensation the jury awarded him on this trial, which amount under his entire pleadings, inclusive of his two alternatives ones, was properly prayed for; the facts thus bring his case in this respect under the holding in Texas Indemnity Ins. Co. v. Head (Tex.Civ.App.) 89 S.W.(2d) 283, writ of error dismissed.

■ (4 and 5) Taken in their composite purport and implication on that issue, the pleadings, the agreements, and the evidence for both sides eliminated any question both as to the appellee's having been an employee of the Phoenix Corporation and of the appellant's having been the insurer of that concern as such employer, thereby reducing the whole matter to the single inquiry as to the place where he became so employed—the appellee upon his part declaring upon it as having occurred at Houston through Mr. Sternberg acting for the Phoenix Corporation, while the appellant denied both the fact of its having taken place there and Mr. Sternberg's authority to contract at that place without an examination of the appellee having first been had at New Iberia—but, as recited supra, in unmistakable effect otherwise admitting that Mr. Sternberg had plenary power to make such an employee of the appellee, and that he had in fact become such; in short, these contributing conditions reduced the ultimate issue of fact as to the employment to one of whether or not it had actually taken place at Houston, hence issue No. 1 was correct, and the jury's answer that it took place there finds ample support in the evidence; since, therefore, the only issues pleaded on the point were thus whether or not the appellee had been employed at Houston or at New Iberia, it follows that the special issues requested by the appellant in this connection called for merely evidentiary details it was not prejudicial to exclude; especially does this seem to have become plain when Mr. Sternberg, in answer to the appellee's positive testimony to having been given the job

by Sternberg while at Houston, admitted not remembering the wording of their conversation there, further that he did not know whether his unpreparedness to have applicants for employment sent to the doctor and qualified there would have prevented him from hiring people in Texas, and that he had not had anything to do with the examination part of it; further, when there is added the uncontroverted showing that appellant had collected the premiums on the payroll of the appellee's employer, that it was kept at Houston, that the extended reports were all sent to Houston, and that the pay checks for all the employees, including the appellee's were sent out of Houston. Southern Casualty Co. v. Morgan (Tex.Com.App.) 12 S.W.(2d) 200; Birge-Forbes Co. v. St. Louis & S. F. R. Co., 53 Tex.Civ.App. 55, 115 S.W. 333; Lofland v. Greenwood (Tex.Civ.App.) 181 S.W. 517; Taylor v. Hill (Tex.Civ.App.) 183 S.W. 836; Home Life & Accident Co. v. Orchard (Tex.Civ.App.) 227 S.W. 705; Bergere v. Parker (Tex.Civ.App.) 170 S.W. 808; Emerson v. Park (Tex.Civ.App.) 84 S.W.(2d) 1100; Mook v. Parke, Davis & Co., 9 Misc. 90, 29 N.Y.S. 32; Knap v. Sacket, 1 Root (Conn.) 501; Owings v. Nicholson, 4 Har. & J. (Md.) 66; 3 C.J.S., Agency, p. 288; Speer, Law of Special Issues in Texas, p. 124, par. 92, Pleadings.

■ Special issue No. 1, submitted to the jury by the court, was as follows: "Do you find from a preponderance of the evidence that the plaintiff in cross-action, J. T. McLaughlin, was employed by the Phoenix Engineering Corporation at Houston, in Harris County, Texas, on or about February 1, 1934? Answer 'He was' or 'He was not' as you may find the facts to be."

Appellant's objection to this form of submission was that, instead of "He was" or "He was not," there should have been "Yes" or "No," or "We do" or "We do not"—on the ground that "the court improperly places the burden of proof in connection with a negative answer on the cross-defendant, when the burden of proof should properly be placed upon the cross-plaintiff."

In the state of the proof, having regard to the particularity with which this manner of submission seems to this court to have placed the burden of proof where it properly belonged, the objection it held not to have been well taken, under these au-

thorities: Federal Surety Co. v. Smith (Tex.Com.App.) 41 S.W.(2d) 210, 211; Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.(2d) 658; Fidelity & Casualty Co. of N. Y. v. Branton (Tex. Civ.App.) 70 S.W.(2d) 780; Miller v. Wyrick (Tex.Civ.App.) 96 S.W.(2d) 253; Runnels Chevrolet Co. v. Clifton (Tex.Civ. App.) 46 S.W.(2d) 426.

Pursuant to these conclusions, the judgment will be affirmed.

Affirmed.